HENRY B. GRAHAM *et al.*, Respondents, *v.* THE UNITED STATES SAVINGS INSTITUTION, Appellant

1. *Bills and notes — Collector, as such, has no power to indorse and collect checks.*— Authority given to a collector to receive checks in lieu of cash, in payment of bills held for collection, does not confer authority to indorse and collect the checks. When he received the checks payable to his principals, his duty as collector ceased. His next duty was to account to his employers for the proceeds of his collections and turn over the checks to them to be disposed of as they might judge proper. The indorsement of the checks was no incident of the collection of the accounts.

*Appeal from St. Louis Circuit Court.*

*Slayback & Haeussler*, for appellant.

The checks were not payment, and Dixon had not complied with his duty as collector until he had got the money. (Ward v. Smith, 8 Am. Law Reg. 69, 70 ; Sherer v. Green, 3 Cal. 419 ; Keney v. Hazeltine, 6 Humph. 62 ; Cooney v. Wade, 4 Humph. 444.) His authority carried and included, as an incident, all the powers which were necessary and proper, or usual, as means to effectuate the purpose for which it was created. (Sto. on Agency, §§ 97, 102 ; *id.*, § 451 ; Haskins v. Johnson, 5 Sneed, 469 ; Woodford v. McClanahan, 4 Gilm., Ill., 90 ; Pres., etc., v. Cornen, 37 N. Y. 320 ; Lucas v. City, 7 Cal. 473 ; Combs v. Hann. Savings & Ins. Co., 43 Mo. 148.)

*T. A. & H. M. Post*, for respondents.

Dixon had no authority, by virtue of his position as clerk and collector, to indorse and collect checks payable to plaintiffs' order. (Terry v. Fargo, 10 Johns. 114 ; 1 Pars. on Bills and Notes, 106 ; Murray v. East India Co., 5 B. & A. 205.) The authority to collect is not authority to indorse. (1 Pars. on Bills and Notes, 106 ; Esdaile v. La Nause, 1 Young & Cole, 394 ; Hogg v. Smith, 1 Taunt. 347 ; Kilgour v. Finlayson, 1 H. Bl. 155 ; Hay v. Goldsmith, 2 Smith, 79 ; Byles on Bills, § 22 *et seq.* ; Sto. on Agency, §§ 62–8, 98–9, 105.)

CURRIER, Judge, delivered the opinion of the court.

This suit is brought to recover the amount of two checks which were drawn on the defendant by third parties in favor of the plaintiffs and made payable to their order. The drawers delivered the checks to the plaintiffs' collecting agent, one Dixon, in settlement of certain bills which the latter had in charge for collection, being bills due from the drawer of the checks to the plaintiffs. Dixon indorsed the defendant's firm name upon the checks and presented them at the bank and drew the money upon them, which he seems to have appropriated to his own use, without rendering any account thereof to the plaintiffs. Thus far there appears to be no serious controversy about the facts.

If Dixon had authority, general or special, to indorse the checks in the manner stated, or the defendant was authorized to pay them without the personal indorsement of the plaintiffs, it is not contended that the defendant would be liable in this action. The verdict of the jury, however, negatives the supposition of the existence of any such express authority. The defendant nevertheless undertakes to deduce the authority from the nature and character of Dixon's general agency in making collections and the transaction of business in behalf of the plaintiffs. Their chief complaint of the action of the court below is founded upon the refusal of the court to give the following instruction, namely: "If the jury believe from the evidence that Charles Dixon was, at the times stated in the petition, the clerk and collector of the plaintiffs, and that, as such, he received from the plaintiffs, among other accounts for collection, two accounts, one against Kramer & Loth, and one against Erfort & Petring, and that he was fully authorized and empowered to receive payment of and receipt said bills or accounts, and that, in pursuance of his duties and authority, he received in payment of such accounts the checks set out in the petition, and afterward collected the money on said checks from defendant, in accordance with his authority to collect said accounts, then they will find for the defendant."

The logic of this instruction is that Dixon was authorized to indorse and collect the checks since he was authorized to receive

them in lieu of cash in payment of the bills he held for collection. The deduction is a *non sequitur*. The checks required the bank to pay the sums therein specified to such person as' the payees might direct. But the payees never directed payment to be made to any one, unless Dixon was their agent for that purpose; and such agency is not inferable from the mere fact that he was their agent in effecting the collection, nor from all the facts recited in the instruction. His primary duty was to collect the bills, not the checks given in adjustment of the bills.

The question presented is purely one of agency. Was Dioxn the plaintiffs' agent to indorse negotiable paper given in settlement of debts due to his employers? He was their agent to adjust such claims and receive the amounts due upon them, and to do those subordinate and incidental things usual and customary in the accomplishment of the main purpose had in view, to-wit: the collection. That main purpose had been accomplished when he had received the checks payable to his principals. His duties as a collector ceased at that point. His next duty was to account with his employers for the proceeds of his collections, and turn over the checks to them, to be disposed of as they might judge proper. The indorsement of the checks was no necessary incident of the collection of the accounts. The instruction was, in my opinion, properly refused. So was the defendant's second instruction. It traveled out of the issues made by the pleadings. At the instance of the defendant, the court directed the jury to find for it in case they found from the evidence that Dixon was authorized to collect and receive payment of checks payable to plaintiffs at the time the checks in question were presented and paid. This fairly presented the real point in controversy, and in the form selected by the defendant's counsel.

The judgment will be affirmed. The other judges concur.