Filed Nov. 22, 1886.

No. 12,474.

McCULLOUGH ET AL. *v.* DAVIS ET AL.

MORTGAGE.—*Married Woman.—Land Held in Virtue of Previous Marriage.— Mortgage During Second Coverture Void.—Descent.—Sheriff's Sale.*—Under section 2484, R. S. 1881, a mortgage executed by a woman and her second husband upon land which descended to her as the widow of her first husband, who left children surviving him, is void and creates no lien upon such land, and a purchaser under foreclosure proceedings takes no title.

EVIDENCE.—*Objection to Admission of Must be Specific.*—An objection to the admission of evidence, that it is "irrelevant, incompetent and immaterial," is too indefinite and uncertain to present any question on appeal.

SAME.—*Destroyed Records.—Latitude Allowable in Admission of Parol Evidence.*—Much latitude is allowable in the admission of parol evidence to supply what has been lost by the destruction of papers and records.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*M. A. Chipman, J. W. Sansberry, Jr.,* and *F. A. Walker,* for appellees.

NIBLACK, J.—Action by Neal C. McCullough and three others, constituting the firm of Neal C. McCullough & Co., against Ann Davis and William P. Davis, to recover the possession of twenty acres of land in Madison county.

The defendants answered: *First.* In general denial. *Secondly.* That in June, 1859, one Oscar F. Eads died seized of the lands described in the complaint, and other lands in Mad- ·

ison county, leaving the defendant, Ann Davis, as his widow, and also children of the marriage, who still survive him, as his heirs at law; that afterwards the said Ann intermarried with her co-defendant, William P. Davis, and has ever since continued to be his wife;.that after her said intermarriage, that is to say, in the year 1875, by proper proceedings in partition in the Madison Circuit Court, between the said Ann Davis and her husband, and the children and heirs at law of the said Oscar F. Eads, deceased, the lands in controversy were assigned and set off to the said Ann Davis as her one-third part of the lands of which the said Oscar F. Eads died seized; that she, the said Ann, thereupon entered upon and took possession of said lands; that afterwards, on the 9th day of April, 1875, the defendants, Ann Davis and William P. Davis, as her husband, executed a mortgage on the lands in question to one Matilda E. Davis; that thereafter said mortgage was, by a decree of the Madison Circuit Court, foreclosed, and the said Neal C. McCullough, one of the plaintiffs herein, became the purchaser of such lands at a sheriff's sale upon such decree; that through the said McCullough said lands were afterwards conveyed to the plaintiff; that such conveyance, so based upon the sheriff's sale, .constituted the only claim of title which the plaintiffs had to the lands in suit.

A demurrer to this second paragraph of answer being first overruled, the plaintiffs replied in denial, and a trial by the court resulted in a finding and judgment for the defendants.

Questions are only made here upon the overruling of the demurrer to the second paragraph of the answer, and upon the refusal of the circuit court to grant a new trial as requested by the plaintiffs.

In support of the alleged insufficiency of the second paragraph of the answer, it is claimed that a purchaser of real estate at sheriff's sale acquires all the interest, whatever that may have been, which the judgment defendant had in the same at the time of the sale, and that consequently, upon the facts

set up in that paragraph of answer, the plaintiff had suc-
ceeded to all the estate theretofore held by Ann Davis in the
real·estate embraced in the sheriff's deed, and had thereby
become at least entitled to the possession, use and occupation
of such real estate during the natural life of the said Ann
Davis, citing the case of *Miller* v. *Noble,* 86 Ind. 527, as fully
sustaining the position thus assumed. But we do not place
the construction contended for upon the case so cited. That
case simply and only decided that the children of John A.
Noble, deceased, took the real estate in litigation to the ex-
clusion of a purchaser at sheriff's sale upon a judgment ren-
dered against the widow after she had married a second time.
All that was said in the cause which seemingly sustains the
doctrine contended for was said argumentatively as applica-
ble more to positions assumed by counsel than to any ques-
tion really presented by the record.

The recent case of *Ætna Life Ins. Co.* v. *Buck, ante,* p.
174, does not support the construction of section 2484, R. S.
1881, which ·it is insisted the case of *Miller* v. *Noble, supra,*
places upon it. It, on the contrary, holds that a mortgage
executed by a woman and her second husband upon lands
which descended to her as the widow of her first husband,
who left children still surviving him, creates no lien upon
such lands, and is, consequently, void.

In the respect stated, this last case puts the same construc-
tion upon section 2484, above named, which had been pre-
viously given to section 18 of the statute of descents enacted
in 1852. *Schlemmer* v. *Rossler,* 59 Ind. 326 ; *Smith* v. *Beard,*
73 Ind. 159.

The demurrer to the second paragraph of the answer was,
therefore, correctly overruled.

As preliminary to the introduction of evidence in this cause,
it was agreed that all the papers and records of the common
pleas court of Madison county, and of the Madison Circuit
Court, were destroyed by fire on the 10th day of December,
1880. Nevertheless a certified copy of a decree of partition

between the widow and children of Oscar F. Eads, deceased, entered by the Madison Circuit Court early in the spring of 1875, and purporting to assign and set off to Ann Davis the twenty-acre tract of land in contest, in severalty and in fee simple, was read in evidence.

There was evidence tending to show that, at the trial which preceded this decree of partition, Ann Davis set up the claim that all the lands then sought to be divided equitably belonged to her, and that the said Oscar F. Eads, at the time of his death, held the same only in trust for her, and from that it is argued that she has ever since been estopped from asserting any other claim of title to the land assigned and set off to her by the partition proceedings.

Owing, however, to the destruction by fire of the record and original papers in the partition suit, proof of the issues which were formed, and of what occurred at the trial, rested very largely upon parol testimony, and as to those matters the parol testimony introduced was vague, uncertain and unsatisfactory. In determining what did occur at that trial, the court below evidently had to rely upon circumstances brought to its attention and upon inferential facts. There was also evidence, and what was apparently a strong preponderance of evidence, tending to show that the only claim of title which Ann Davis at any time had, and the only claim really asserted by her, to the land in dispute, was as the widow of Oscar F. Eads, her first husband.

To our minds, the inference from the facts and circumstances proven appears to have been reasonable, that the decree of partition was based upon a finding that the only title which the parties had to the lands, which the decree caused to be partitioned, was such as they derived by descent from Oscar F. Eads, deceased, as his widow and children, and that partition was ordered and made upon that theory and upon that theory alone. We are, consequently, unable to discover any reason for holding that the finding of the court below was not well supported by the evidence.

While Ann Davis was testifying as a witness in her own behalf, she was asked whether or not the court in the partition suit found and adjudged that she was entitled to one-third of the sixty acres of land described in the complaint, as the widow of Oscar F. Eads, deceased, and, over the objection that the question was irrelevant, incompetent and immaterial, she was permitted to answer in the affirmative. Upon the authority of *Forbing* v. *Weber*, 99 Ind. 588, the objection thus made to the question proposed was too indefinite and uncertain to present any question in this court.

Mrs. Davis was also, over a similar objection, permitted to state that her first husband, Oscar F. Eads, was, at the time of his death, in possession of the lands sought to be recovered by the plaintiffs, together with other real estate.

For the reasons lastly above given, no question is presented here upon that ruling. Besides, the fact to which Mrs. Davis thus testified, was a matter which might in any event have been proved by parol, and no apparent injury was inflicted by permitting her to so testify as to such fact. Mrs. Davis was, over objection, allowed to answer other questions, of which complaint is made, but in each case, so far as we have observed, the objection was too general to raise any question here.

Howell D. Thompson, one of the attorneys for Ann Davis in the partition suit, was permitted to make statements as a witness as to the title upon which partition was demanded, and as to the finding of the court as to the nature of Mrs. Davis' interest in the lands involved in that suit, and questions were reserved upon those statements.

It must be borne in mind that much latitude is allowable in the admission of parol evidence to supply what has been lost by the destruction of papers and records. It may be that this indulgent latitude was carried to its ultimate, if not an extreme, limit in the examination of Mr. Thompson; but, however that may have been, we regard the finding below as having been substantially right upon the evidence,

and hence have no reason to infer that the plaintiffs were materially injured by any of the statements made as above by Mr. Thompson.

The judgment is affirmed, with costs.

Filed Nov. 22, 1886.