# Ford *v.* Postal Tel. Cable Co.

*Action for Failure to Deliver Telegram.*

1. *Telegram; receiver of cannot sue; when.*—The receiver of a delayed telegram cannot maintain an action *ex contractu* against the telegraph company unless the sender was his agent.
2. *Charge; affirmative; when proper.*—The plaintiff had an understanding and agreement with the agent of a city that the agent, who had agreed to employ plaintiff for the city, was to send him a telegram notifying him when he was to report for duty. Plaintiff instructed the agent to either write or wire him when to report. The agent wired the plaintiff when to report. The telegram was delayed in its delivery. In a suit by plaintiff against the telegraph company, *held*, that the affirmative charge for the defendant was proper, as the evidence taken as true failed to show that the agent for the city was the agent for the plaintiff in sending the message.

APPEAL from Montgomery City Court.

Tried before the HON. A. D. SAYRE.

This suit was brought by D. W. Ford to recover of the

[Ford v. Postal Telegraph Cable Co.]

Postal Telegraph Cable Company damages for injury caused by delay in delivering a telegram to him. The evidence tended to show that the plaintiff had made an agreement with the chairman of the street committee of Mobile to do work for the city; and the chairman was to notify him by telegram at what time to go to Mobile. The message was sent but was delayed in delivery, and Ford thereby lost the employment.

Each party asked the affirmative charge.

GRAHAM & STEINER, for appellant, cited, *W. U. Tel. Co. v. Adair*, 115 Ala. 441; *W. U. Tel. Co. v. Morrison*, 33 S. W. 1025; *Russell v. W. U. Tel. Co.*, 57 Kan. 230; Gray on Tel., § § 23, 105, 74.

J. R. McINTOSH, *contra*, cited, *Freeman v. W. U. Tel. Co.*, 81 Ga. 285; *Merrill v. W. U. Tel. Co.*, 78 Maine 97; *W. U. Tel. Co. v. Clifton*, 8 So. Rep. 746.

SHARPE, J.—Upon the former appeal in this cause it was held by this court that McLean's agency for the plaintiff in sending him the delayed telegram which is averred in the complaint, was necessary to the plaintiff's maintenance of the suit *ex contractu*, and was not established by the proof.—*Postal Tel. Cable Co. v. Ford*, 23 So. Rep. 684. We see no cause to depart from that decision, and adhering to the opinion there rendered we find it unnecessary to again refer to the legal principles involved.

It is undisputed that McLean in negotiating with plaintiff for his services in supervising street improvements, was acting as the representative of the city of Mobile. He testifies in behalf of the defendant, in effect denying his alleged agency for the plaintiff, though he states substantially that having agreed with the plaintiff upon the terms of his employment he agreed also to lay the matter before the street committee and to notify the plaintiff by wire in the event he was to be employed, and that after the committee sanctioned the employment he sent the message pursuant to his promise.

The telegram was, "If possible come to Mobile to-night; if not come on next train."

26

·According to the plaintiff's testimony McLean agreed to employ him for the city, and he says "I had an understanding and agreement with McLean before he left before October 10th, 1895, that he was to send a telegram when I was to report for duty. I instructed Mr. McLean to either write or wire me when to report and he sent me the telegram referred to in consequence of these instructions."

Assuming the truth of the plaintiff's testimony as must be done in considering the propriety of the charge given for the defendant, it appears that his notification was an event the plaintiff was compelled to await before entering upon the work he had agreed to do. The notice was to come from or on behalf of the employer which being a corporation could act only by agent, and McLean was the agent in that behalf. It may have been contemplated both by him and the plaintiff that the notice to be sent would subserve the purposes both of the city and the plaintiff, but in sending it McLean acted necessarily as agent for the city, and there was no necessity for his representing the plaintiff. There was no express agreement that he should act as the plaintiff's agent and in view of the circumstances, and the situation of the parties as shown by the proof, the detailed conversation between him and the plaintiff gives rise to no reasonable inference that he should so act. This would seem clear if the suit was against the plaintiff as the sender of the message to establish his liability for its cost.

Having stated the assumed facts of the transaction plaintiff was allowed to testify that McLean was acting for him in sending the telegram. In what capacity he was so acting, whether as plaintiff's agent or his friend is not expressly stated. If this testimony be construed as a statement that McLean acted as plaintiff's agent, still it is a conclusion apparently drawn by the witness from the facts in evidence, but which is not supported by those facts.

.The plaintiff lacking evidence to connect himself with the contract sued on, the court did not err in refusing the charge requested by him or in giving that requested by the defendant.

[Bailey v. Selden.]

The third assignment of error is not insisted on in appellant's brief, and it is unnecessary to consider it.
Affirmed.