## ROBINSON v. BANK OF WINSLOW.

[No. 6,484. Filed October 13, 1908.]

1. PRINCIPAL AND AGENT. — *Breach of Trust.—Checks.—Indorsement.—Banks.*—An agent, who has authority to indorse negotiable paper, and who cashes her principal's check and converts the money, is guilty of a breach of trust, and the bank cannot be held liable therefor. p. 352.

2. SAME.—*Checks.—Indorsement.—Authority.*—A valid indorsement of a check can be effected by an agent only when such agent has direct or express authority therefor. p. 352.

3. BANKS.—*Checks.—Indorsement.—Agency.—Collectors.*—An agent authorized to receive money for her principal in payment of a note due to him has no implied authority to indorse a check, payable to her principal, and received in payment of such note, though if such check had been payable to her, she could have collected same. p. 353.

4. PRINCIPAL AND AGENT.—*Contracts.*—Agency rests upon contract, express or implied, and is general or special—special, when the end and means are specific—general, when they are not. p. 353.

5. SAME.—*Speical.—Burden of Proof.*—The burden is upon one who deals with a special agent to show that such agent had authority to do the act in controversy. p. 353.

6. SAME. — *Checks. — Indorsement.—Ratification.*—The principal's assertion of title to a check which his agent for the collection of money had received and wrongfully indorsed, does not constitute a ratification of such indorsement. p. 354.

From Pike Circuit Court; *E. A. Ely*, Judge.

Action by Joseph L. Robinson against the Bank of Winslow. From a judgment for defendant, plaintiff appeals. *Reversed.*

*J. W. Wilson* and *J. W. Brumfield*, for appellant.

*E. P. Richardson, A. H. Taylor, V. R. Greene* and *Frank Ely*, for appellee.

COMSTOCK, J.—Appellant, brought this action against the appellee for the collection of a check for the sum of $77.65, drawn on the appellee, by one Beasley, and payable to appellant. The complaint was in two paragraphs. A demurrer for want of facts was sustained to the first paragraph. The cause was tried on the second paragraph, answer and reply thereto. Upon a trial by the court there was a finding and judgment for costs in favor of appellee.

The only error assigned is the overruling of appellant's motion for a new trial.

The reasons for a new trial are that the decision is not sustained by sufficient evidence and is contrary to law.

The following are the facts, shown by the evidence: On March 28, 1906, Beasley was indebted to the appellant in the sum of $77.65, evidenced by his promissory note. On

said day appellant gave to Josephine Hawkins, who was, and for six months previous thereto had been, living at appellant's house, a written order, of which the following is a copy:

"Mr. Beasley, Sir:

I send your note by Miss Hawkins. You will please pay her the money due on the note and oblige me. The amount due is $77.65. I bought some cattle to take next Saturday, and I will need the money to help pay for them. You will confer a great favor if you will send me the money by Miss Hawkins.

Yours,

J. L. Robinson."

Appellant gave this order and the note to Miss Hawkins, and requested her to make settlement with Mr. Beasley. The request and note were delivered to said Beasley, and in payment of said note Beasley drew his check on the appellee, payable to the order of appellant. Miss Hawkins presented this check to the bank, and was told by appellee that she would have to sign the appellant's name on the back of the check before it could be paid. She thereupon wrote the name of appellant upon the back of the check and received the money.

The question presented is simply one of agency. Was Miss Hawkins appellant's agent to indorse negotiable paper given in settlement of a debt due to appellant? If she was such agent the appropriation of the proceeds to her own use was a mere breach of trust, and would not affect appellee.

In 1 Parsons, Contracts (9th ed.), *62, the author says: "An agent's acts in making or transferring negotiable paper (especially if by indorsement) are much restrained. It seems that they can be authorized only by express and direct authority, or by some express power which necessarily implies these acts, because the power cannot be executed without them."

In Mechem, Agency, §382, the author says: "But even

if authorized to accept checks in payment of the demand, the agent has no implied authority to indorse them and collect the money thereon, and the bank paying the check so indorsed is still liable to the principal for the amount thereof.'' The learned author cites in foot notes the following cases which support the proposition: *Graham* v. *United States Sav. Inst.* (1870), 46 Mo. 186; *Robinson* v. *Chemical Nat. Bank* (1881), 86 N. Y. 404; *Millard* v. *Nat. Bank, etc.* (1877), 3 McArthur (D. C.) 54; *McClure* v. *Evartson* (1884), 14 Lea (Tenn.) 495; *Holtsinger* v. *National, etc., Bank* (1869), 6 Abb. Pr. (N. S.) 292; *Hogg* v. *Snaith* (1808), 1 Taunt. *347.

3. The check required the bank to pay the sum specified to such person as the payee might direct. The payee did not direct the payment to any one, unless Miss Hawkins was agent for that purpose. Such agency is not inferable from the mere fact that she was his agent in effecting the collection. *Graham* v. *United States Sav. Inst., supra.*

Had the check been payable to Miss Hawkins, she would not have acted in violation of her duty in reducing it to money. *Walter* v. *Bennett* (1857), 16 N. Y. 250.

4. Agency rests on contract, express or implied. It is general or special. It is special when both the end and the means are specific. The authority in the case at bar was to receive the money; the means, to surrender the note. Had the agent been authorized to accept a check, instead of money, she would not, as we have seen, had authority to indorse it.

5. The law makes it the duty of every one who deals with a special agent to ascertain the extent of the agent's authority before dealing with him; otherwise, he deals with such agent at his peril, and the principal will not be bound by any act which exceeds the particular authority given. *Cruzan* v. *Smith* (1872), 41 Ind. 288. Appellee

knew the indorsement was written by Miss Hawkins. No diligence was used in ascertaining her authority to act in the premises, although appellant lived only six miles away, and could have been communicated with by telephone.

It is claimed by appellee that since Miss Hawkins was the special agent of appellant to collect the note, and received in full payment thereof the check in question, and 6. since the appellant claims to own the check, he thus ratifies all her acts, including the indorsement by whch she received the money. It is true that the ratification of an agent's acts, with knowledge of the circumstances, relates back to the time when such acts were performed, and binds the principal the same as if authority had been originally given. The claim to the check was rather a repudiation of the act complained of than a ratification. Appellant claims to own the check as it came into the hands of Miss Hawkins, payable to him, and which he did not authorize her to transfer.

Cases are cited in the able brief of appellee, the law of which we do not question, but they do not apply to the facts in the case at bar.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.