# HUBBARD *v.* RANJE ET AL.

[No. 7,574. Filed April 26, 1912. Rehearing denied June 28, 1912. Transfer denied March 6, 1913.]

1. EVIDENCE.—*Admissions.*—*Admissibility.*—Where a woman signed and gave her son a mortgage to be delivered to the mortgagee to indemnify him against loss by reason of a certain contract of her son on which the mortgagee was his bondsman, and the mortgagee suffered loss by reason of bonding the son on other contracts, but not on the bond contemplated by the mortgagor, the exclusion of offered testimony of the mortgagee, in a foreclosure suit, that at the time of delivering the mortgage the son stated that the note and mortgage were executed and delivered for the purpose of indemnifying mortgagee for any loss he might sustain as surety for the son on building bonds to be thereafter executed, was proper, in the absence of evidence that the son was authorized to speak for his mother in that respect.  pp. 614, 617.

2. APPEAL.—*Presentation of Questions Below.*—*Objections to Evidence.*—Objections to offered evidence must state the particular grounds relied on to be available on appeal, unless the evidence appears on its face to be incompetent.  p. 615.

3. EVIDENCE.—*Admissibility.*—*Res Gestae.*—The testimony of the mortgagor that, at the time of signing the mortgage, her son told her it was a bond of indemnity upon a certain building contract, but that he said nothing about other contracts, was admis-

sible in an action to foreclose, as being a part of the *res gestae* of the transaction. p. 615.

4. PRINCIPAL AND AGENT.—*Authority of Agent.*—*Reliance on Authority.*—While a third party may rely on the apparent authority of an agent, such apparent authority must rest on facts or circumstances warranting such reliance; and where a mortgagor delivered a note and mortgage to her son to be by him delivered to the mortgagee, such fact at most constituted the son a special agent to deliver the instruments in the form and with the effect they possessed when they left her possession, and did not warrant a reliance on his authority to bind her by statements to the mortgagee giving to such instruments a different effect. p. 615.

5. MORTGAGES.—*Foreclosure.*—*Evidence.*—*Burden of Proof.*—In an action to foreclose a mortgage, while plaintiff may show that the mortgage, although in form definite in amount, was in fact an indemnity against contingent loss, he has the burden of proving such fact by competent evidence, and the instrument, unaided by parol evidence, would be insufficient to establish the claim to indemnity. p. 616.

6. APPEAL.—*Review.*—*Exclusion of Evidence.*—Where, in a foreclosure suit, plaintiff offered testimony to show certain losses, without preceding the offer by showing that the mortgage was in fact given to secure such losses, and the record discloses no statement that the offered evidence would be followed by testimony showing that such losses were in fact secured by said mortgage, such offered testimony was properly excluded. p. 617.

7. APPEAL.—*Review.*—*Presumptions.*—The trial court is presumed to have acted advisedly and correctly in the exclusion of testimony, where the record fails to show preliminary proof necessary to make it competent, or an offer to make such proof. p. 617.

From Boone Circuit Court; *W. H. Parr*, Judge.

Action by Walter J. Hubbard against Ida M. Ranje and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Charles B. Clarke, Walter C. Clarke* and *A. J. Shelby*, for appellant.

*Sheridan & Gruber* and *Means & Buenting*, for appellee.

FELT, C. J.—Suit on a promissory note given by appellee Ida M. Ranje to appellant for $2,500, and for foreclosure of a real estate mortgage given to secure the same. The complaint was in two paragraphs. The first was in the

usual form for the foreclosure of a mortgage, and the second, in addition to the allegations of the first, averred in substance that the mortgage, while in form to secure the payment of the note therein described, was in fact given to appellant by said appellee to indemnify the former and save him from loss on account of his liability on certain builder's bonds which he was about to execute as surety for Henry Ranje, son of said appellee, at the request of the latter; that appellant had previously gone on such bonds as surety for said Henry Ranje, and said appellee had secured him from loss on account thereof by mortgages on her property; that she was about to depart for Europe, and to induce appellant to continue to act as surety for her said son on bonds to be thereafter executed during her absence, said appellee executed the note and mortgage in suit, and caused the same to be delivered to appellant; that it was the intent and purpose of said appellee to indemnify appellant against loss as surety on such bonds as he might thereafter execute as surety for her son; that appellant relied on said mortgage as indemnity against loss as such surety, and thereafter became surety on builder's bonds for the son, of said appellee, and by reason thereof has been compelled to pay as such surety the sum of $3,053.35, to his damage in that sum; that no part of said amount has been paid to him, and the same is due and unpaid.

Appellee Ranje answered by general denial; failure of consideration; payment, and by a paragraph alleging, in substance, that she executed the note and mortgage sued on to indemnify appellant for any loss he might sustain by reason of a certain contract of her said son with one Gausepohl, on which appellant was his bondsman, and not otherwise; that she had full confidence in her said son, and relied on him in all particulars; that she had for years signed papers as indemnity to appellant; that said Gausepohl contract was executed on or about April 17, 1905, and appellant has not been required to pay, and has not paid anything on account

thereof; that she signed said mortgage and others previously executed to appellant at the request of her said son. Appellant replied by general denial to said appellee's affirmative answers.

The only error assigned is the overruling of the motion for a new trial. The new trial was asked for alleged error in the admission and exclusion of certain evidence. Henry Ranje was shown to be out of the jurisdiction of the court, and his testimony was not obtained.

Evidence was introduced by appellant showing that the note and mortgage in suit were executed on June 1, 1905, by said appellee in her home, before one Beerman, a notary public, not in appellant's employment, and in the presence of her son Henry and other members of her family; that she gave said instruments to her said son, and the same were thereafter delivered to appellant by him on or about June 1, 1905. Appellant while on the stand as a witness in his own behalf was asked to state what was said at the time, in connection with the act of so delivering the mortgage. To this question said appellee objected, on the ground that she was not bound by any statements that were made by appellant in her absence, because the same were selfserving declarations. Appellant offered to prove, in answer to the question, that Henry Ranje brought the note and mortgage to him at his office, and, at the time they were delivered, stated that his mother (appellee) was going to Europe to be gone some time, and had executed the note and mortgage to indemnify appellant for any loss he might sustain as surety for him on building bonds to be thereafter executed during his mother's absence abroad, and that his mother had delivered them to him to be by him delivered to appellant, for the purpose of so securing him as such bondsman. The court sustained appellee's objection, and appellant duly excepted.

In determining the admissiblity of evidence, it is always necessary to keep in mind (1) the issues and (2) the grounds

of the objection. When an objection is made to
2. offered evidence, the particular grounds of the objection must be stated to be available. General objections
present no question unless the evidence appears on its face to
be incompetent. *Heap* v. *Parrish* (1885), 104 Ind. 36, 3 N.
E. 549; *McCullough* v. *Davis* (1886), 108 Ind. 292, 9 N. E.
276; *Bundy* v. *Cunningham* (1886), 107 Ind. 360, 8 N.
E. 174.

Appellant insists that this testimony was competent on the
theory that it was a part of the *res gestae*, and that Henry
Ranje was the agent of his mother for the delivery of
3. the note and mortgage to appellant. The theory is
correct, but the question turns on the sufficiency of
the showing of agency. Both appellant, and Mrs. Ranje, so
far as disclosed by the record, were doing gratuitous acts
beneficial to Henry Ranje. The record shows, however, that
appellant wrote the mortgage and delivered it either to
Henry Ranje or the attorney who took the acknowledgment.
Mrs. Ranje testified that her son told her it was a bond of
indemnity on the Gausepohl job; that he said nothing about
other jobs, and she received nothing for signing the instrument; that she delivered the mortgage to her son, and did
not know what he was to do with it; that appellant suffered
no loss on the Gausepohl job. The conversation at the time
the note and mortgage were signed was admissible as a part
of the *res gestae* of the transaction. *Creighton* v. *Hoppis*
(1885), 99 Ind. 369; *Mitchell* v. *Colglazier* (1886), 106 Ind.
464, 7 N. E. 199; *Porter* v. *Waltz* (1886), 108 Ind. 40, 46, 8
N. E. 705; *Gaar, Scott & Co.* v. *Shaffer* (1894), 139 Ind. 191,
38 N. E. 811.

But the right of appellant to give in evidence the alleged
statements of Henry Ranje when the latter delivered the
mortgage to him depends upon the authority of said
4. Ranje to speak for his mother on the subject indicated
by the offered testimony. True, a third party may
rely on the apparent authority of the agent, but such ap-

parent authority must rest on facts or circumstances warranting such reliance.

Agency may be implied from circumstances and conduct. In this case the one fact mainly relied on to show that Henry Ranje was the agent of his mother is the delivery by her to him of the note and mortgage after she had signed them. The authority so implied cannot exceed the necessary and legitimate effect of the facts from which it is inferred. At most it only constituted him her special agent, with authority to deliver the instruments to the payee in the form and with the effect they possessed when they left her possession. Mechem, Agency §274; Story, Agency §87; *Robinson* v. *Bank of Winslow* (1908), 42 Ind. App. 350, 353, 85 N. E. 793; *Ford* v. *Postal Tel. Cable Co.* (1899), 124 Ala. 400, 27 South. 409, 410; *McAlpin* v. *Cassidy* (1856), 17 Tex. 449, 462. In Story, Agency §87, it is said: "In short, an implied agency is never construed to extend beyond the obvious purposes for which it is apparently created." The implied authority to deliver the note and mortgage would not include the power to change the meaning and effect of such written instruments. *Robinson & Co.* v. *Nipp* (1898), 20 Ind. App. 156, 163, 50 N. E. 408.

The mortgage left the hands of appellant ready for execution, and was returned to him by the son in the same form after it was signed and acknowledged. Appellant

5. wrote and accepted, and appellee Ranje signed and acknowledged, the mortgage in a form that did not evidence the real purpose of its execution nor disclose the true character of the transaction. In this respect each was equally careless, but the burden was on appellant to establish by competent evidence his right to recover. The instruments unaided by parol testimony were insufficient to establish his claim to indemnity. The law will permit proof to show that notwithstanding the mortgage was in form to secure a note definite in amount, it was in fact an indemnity against contingent loss. 16 Am. and Eng. Ency. Law (2d

ed.) 183; *First Nat. Bank* v. *Henry* (1900), 156 Ind. 1, 12, 58 N. E. 1057; *Mayor* v. *Grottendick* (1879), 68 Ind. 1.

But appellant in order to bind appellee Ranje by statements, changing the meaning and effect of the instru-
1. ment, must first show that the one alleged to speak as her agent had authority so to do. 1 Elliott, Evidence §252; Gillett, Indirect and Collat. Ev. §33.

Appellant also offered testimony for the purpose of showing loss on jobs other than the Gausepohl job, but such testimony was preceded by no proof showing that the
6. mortgage in suit was in fact given to secure such losses, and the record discloses no statement from appellant that the offered evidence would be followed by testimony showing that such losses were in fact secured by said mortgage. In this situation the court committed no error in excluding the offered testimony.

Other questions were asked by appellant on examination in chief, which could only be proper, if at all, on rebuttal. The record discloses no prejudicial error on account thereof.

Appellant suggests a theory which, if supported by necessary preliminary proof, would make certain excluded testimony competent, but the record fails to show such
7. proof, or offer of proof. The trial court is presumed to have acted advisedly and correctly.

No available error having been pointed out by appellant, the judgment is affirmed.

## DISSENTING OPINION.

ADAMS, J.—As stated in the majority opinion, both appellant and appellee Ida M. Ranje were rendering a gratuitous service to Henry Ranje. The mortgage in question was written by appellant, and given to a notary, not in the employ of appellant, who took the acknowledgment of Ida M. Ranje, in the presence of her son Henry. She gave the mortgage and note to her son, who delivered it to appellant. She knew that she was not executing the mortgage to secure

the payment of the note for $2,500, but to indemnify appellant against loss on account of becoming surety for her son in his contracting business. The extent of her indemnity obligation I do not think pertinent to the present inquiry. She knew that it was necessary, after signing and acknowledging, to deliver the note and mortgage to appellant. If she did not wish to do so herself, she knew that some one must deliver the same for her, in order to make the instrument effective. She must be presumed to have known that delivery was a necessary part of the execution of the mortgage, and she entrusted that part of its execution to her son. I think it clearly appears that under such conditions Henry Ranje was the agent of his mother in delivering the indemnity mortgage, and it follows that his statements made to appellant at the time of delivery were a part of the res gestae, and binding on his principal.

I believe the trial court erred in rejecting the testimony offered, and for the error in overruling the motion for a new trial, the judgment should be reversed.

Ibach, P. J., concurs.

NOTE.—Reported in 98 N. E. 314, 317. See, also, under (1) 16 Cyc. 1005, 1028; (2) 38 Cyc. 1378; (3) 16 Cyc. 1148; (4) 31 Cyc. 1331; (5) 27 Cyc. 1613; (6) 38 Cyc. 1329; (7) 3 Cyc. 300. As to admissibility of parol evidence to affect written terms of a mortgage, see 56 Am. St. 667; 11 Am. St. 844. As to principal's not being bound by agent's act outside the scope of his authority, see 6 Am. St. 37.