NOVEMBER TERM, 1913. 235

Monongahela River, etc., Coke Co. *v.* Walts—56 Ind. App. 235.

## MONONGAHELA RIVER CONSOLIDATED COAL AND COKE COMPANY *v.* WALTS.

[No. 8,318.   Filed May 12, 1914.]

1. APPEAL.—*Evidence.—Weight and Sufficiency.—Review.*—In determining the sufficiency of the evidence to sustain a verdict, the court on appeal will consider only that which tends to support the verdict, and if there is any evidence to support it, it will be upheld notwithstanding such evidence may be strongly contradicted and of less weight than the contradicting evidence. p. 237.

2. MASTER AND SERVANT. — *Injuries to Servant. — Action. — Evidence.—Sufficiency.*—In an action against his master by a steamboat employe for injuries sustained in descending a ladder while attempting to effect a landing of a boat and fleet of barges, evidence showing that the ladder was defective, that plaintiff did not know of the defect and could not see it while performing the service he was engaged in at the time of the accident, and which was of a character to show that the master either knew, or in the exercise of proper care could have known, of the defect, was sufficient to sustain a verdict for plaintiff.   p. 237.

3. APPEAL.—*Review.—Harmless Error.—Instructions.*—The incautious use of words in certain clauses of instructions given is not cause for reversal, where the instructions, considered as a whole, were not erroneous, and especially where the jury's answers to interrogatories show that the verdict was not influenced by such defects.   p. 238.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Jesse Walts against the Monongahela River Consolidated Coal and Coke Company. From a judgment for plaintiff, the defendant appeals.   *Affirmed*

*Stannard & Howard,* for appellant.

*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

IBACH, J.—The only question of importance presented in this appeal is the sufficiency of the evidence to sustain the verdict. The action was against appellant to recover damages for personal injuries received by appellee while in appellant's employ as a deckhand or fleetman, on appellant's steamboat Harry Brown, which was towing a fleet

of empty barges up the Ohio River from Cairo, Illinois, to Louisville, Kentucky. The fleet was driven to the Kentucky shore opposite Evansville, Indiana by a storm, and appellee, when going down a ladder let down from a barge and carrying a coil of rope to the shore to assist in landing the boat, fell from the ladder and was injured. The negligence charged was that the ladder was defective and out of repair, in the respect that three rounds were broken out and missing, that the defective and dangerous condition of the ladder was known to appellant long enough before the accident to have repaired the same or to have notified appellee of its condition, and that appellee, who had no knowledge of such condition, in the use of due care, was injured while obeying the captain's order in the course of his duty. Appellant claims that the evidence is insufficient to show that it had knowledge before the accident of the defective condition of the ladder.

The evidence showed that a hasty landing had to be made on account of the storm, that the ladder in question was taken from its place at the head of the fleet, and put down over the side of the barge, which stood about eight feet above the water, that there were at the time of the injury three rungs missing from the ladder, that appellee was ordered by the mate who was standing within ten feet of the ladder, where he could see its condition, to take a line ashore, and appellee started down with a heavy coil of line, his back to the ladder, and was injured by attempting to step where a rung was missing, thereby falling; that appellee had not used the ladder before, and could not see that the rounds were missing because of the upright position of the ladder, the coil of line which he was carrying on his shoulder, and the haste with which he was required to execute the order. The mate, who was second in charge of the boat, the men and the appliances, had ordered the ladder placed at the head of the fleet at Evansville, and while standing where he could see it, ordered another deckhand to put it out

Monongahela River, etc., Coke Co. *v.* Walts—56 Ind. App. 235.

over the barge shortly before appellee started to use it. There was no evidence that the ladder had been used after leaving Cairo until the occasion when appellee was injured, and no evidence that the defects were of recent origin, or of any change in its condition after the boat left Cairo. Sometime after the landing at Evansville and before land-at Louisville, another ladder was placed at the head of the fleet, and the one on which appellee was injured was placed back on the steamboat.    There was evidence that rungs were missing from the ladder at the time of the injury, and were missing at a time later on the cruise, although as to this there was conflict, some witnesses testifying that no rungs were missing at the time of the injury, or at any other time.

In this court in considering the sufficiency of the evidence only the evidence which tends to support the verdict will be considered, and all evidence which contradicts this will be disregarded, and a verdict will be upheld

1.  whenever there is any evidence which will support the verdict, notwithstanding the fact that such evidence may be strongly contradicted, and may be of

2.  less weight than the evidence which does not support the verdict.    In this case it seems to us that the jury could legitimately infer from the evidence above detailed either that the master in the exercise of his duty of inspection should have had notice of the defective condition of the ladder, or that he had actual notice of such condition, especially when it is considered that the mate, second in charge of the boat, the men and the appliances, was standing within ten feet of the ladder when it was put down and could see its condition, that the evidence shows that three rungs were missing when appellee was injured and after his injury, and that there is no evidence that these defects were of recent origin.

Appellant has urged objections to two instructions.  We find certain clauses in these which contain words used some-

what incautiously, but when taken as a whole, and
3. in connection with all the other instructions given,
we find there was no error in giving either of them.
Further, the answers to interrogatories are such as to show
that the alleged errors in these instructions could not have
influenced the verdict. No error appears, and the judgment
is affirmed.

NOTE.—Reported in 105 N. E. 160. See, also, under (1) 3 Cyc.
348; (2) 26 Cyc. 1441; (3) 38 Cyc. 1809, 1815, 1778.