## SHORES-MUELLER COMPANY *v.* BEST ET AL.

[No. 9,506. Filed February 19, 1918.]

1. APPEAL.—*Review.—Evidence. — Weight and Sufficiency. —* In determining the sufficiency of the evidence to sustain a verdict, the court on appeal cannot weigh conflicting evidence to determine its preponderance, and where there is some evidence to sustain the verdict it will not be disturbed. p. 652.

2. EVIDENCE.—*Witnesses.—Conclusions.—Striking Out. —* In an action on a contract of guaranty, where defendant guarantors filed answers of *non est factum*, where a witness, in response to a question whether one of the defendants had, on a certain occasion, denied his signature to the contract, or stated that it had been altered or changed in any way since he signed it, answered, "No, he did not, although I do not remember that he expressly admitted signing it, he in no way signified that it was not his contract," that part of the answer following the negation was properly stricken out as being a conclusion, and not responsive to the question. p. 652.

3. GUARANTY.—*Action.—Plea of Non Est Factum.—Witnesses.— Cross-Examination.—Scope.—*In an action on a contract of guaranty, where defendant guarantors filed answers of *non est factum*, cross-examination of the principal, who had testified that defendants signed the contract, as to his knowledge of its contents was permissible in order to enable the jury to determine whether the instrument appearing in evidence was the instrument which the witness claimed defendants signed, since a change in the contract after it had been signed would uphold the answers. p. 653.

4. EVIDENCE.—*Admissibilty.—Res Gestae.—*In an action on a contract of guaranty in which defendant guarantors filed pleas of *non est factum*, where the principal had testified that the contract was signed by one of the defendants, testimony by such defendant that the principal, on the occasion mentioned, had presented to him for his signature a paper which he represented to

be a recommendation, was properly admitted as a part of the *res gestae* of the transaction involved as bearing on the identity of the contract in suit. p. 654.

5. EVIDENCE.—*Admissions.—Explanations.*—In an action on a contract of guaranty, where, after defendant denied executing the instrument, plaintiff, for the purpose ' of showing an implied admission, introduced in evidence its letter to him, containing' a statement that the principal on whose contract he was a guarantor was accomplishing little in the way of sales, and defendant's reply to such letter, which did not deny that he was a guarantor, defendant was entitled to testify as to his understanding of the word "guarantor" as used in the letter. p. 655.

6. EVIDENCE.—*Admissions.—Explanation.*—In an action on a contract of guaranty, where it appeared from the evidence that defendant guarantor's attorney had written a letter to plaintiff's attorney, which might have been construed as an admission against defendants, as to the execution of the instrument, testimony by such attorney that he informed the manager of a collection bureau which had the claim for adjustment that the guarantors denied execution of the contract was admissible to explain the implied admission. p. 656.

7. APPEAL.—*Briefs.—Waiver of Error.*—Alleged errors not presented in appellant's brief are waived. p. 656.

From Allen Superior Court; *Carl Yaple,* Judge.

Action by the Shores-Mueller Company against Benjamin Best and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Lesh & Lesh, Ralph Dunkleberg* and *Breen & Morris,* for appellant.

*John H. Aiken, Bowers & Feightner* and *J. C. Murphy,* for appellees.

BATMAN, P. J.—This is an action by appellant to recover a sum of money alleged to be due it for merchandise furnished appellee Marquiss under an alleged written contract, by the terms of which appellees Best, Pollock and Deardurff guaranteed the payment of the same. The complaint is in usual form,

the contract of purchase between appellant and appellee Marquiss and the contract of guaranty between appellant and the other appellees being made parts thereof by exhibits. The latter contract, bearing the names of appellees Best, Pollock and Deardurff, in part, is as follows:

"In consideration of Shores-Mueller Company extending credit to the above named person we hereby guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him waiving notice of acceptance and all notices including notice of salesman's default, and agree that any extension of time or change of territory shall not release us from liability hereon. In consideration of one dollar in hand paid to the salesman, the receipt whereof is hereby acknowledged and an extension of time, we also guarantee to it the full and complete payment of all goods, medicines, etc., heretofore purchased by the salesman of the Shores-Mueller Company (formerly Shores Farm Remedy Company). Amount Eleven Hundred and Twenty-three and Ninety-eight one-hundredths Dollars ($1,123.98)."

Appellee Marquiss did not file an answer, but the remaining appellees filed separate answers of *non est factum*. The case was tried by a jury resulting in a verdict against appellee Marquiss for $1,123.98, and in favor of appellee Best, Pollock and Deardurff. Judgment was rendered accordingly. Appellant filed a motion for a new trial, which was overruled, and has assigned such ruling in this court as the sole error on which it relies for reversal. Appellant bases its right to a new trial on the alleged reasons that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law, and that the court erred in the admission and exclusion of certain evidence.

Appellant earnestly contends that the judgment in

this case should be reversed on the evidence. They have presented evidence from the record which would tend strongly to support their contention if we were permitted to weigh the evidence and thereby determine its preponderance. However, such is not the province of this court on appeal, where there is conflicting parol evidence on a material issue. Under such circumstances the only question we are called upon to determine in that regard is whether there was any evidence to sustain the verdict of the jury. This is true, although such evidence may be strongly contradicted and not entirely satisfactory. *Thompson* v. *Beatty* (1908), 171 Ind. 579, 86 N. E. 961; *Warner* v. *Jennings* (1909), 44 Ind. App. 574, 89 N. E. 908; *Hollingsworth* v. *Hollingsworth* (1911), 50 Ind. App. 137, 98 N. E. 79; *Monongahela, etc., Coke Co.* v. *Walts* (1913), 56 Ind. App. 235, 105 N. E. 160; *Public Utilities Co.* v. *Cosby* (1915), 60 Ind. App. 252, 110 N. E. 576. The chief contention in this case is on the issue raised by the plea of *non est factum*, filed by appellees Best, Pollock and Deardurff. Over against the evidence produced by appellant on this issue stands the denial of each of such appellees as to his signature to the contract of guaranty in suit, and also some evidence tending to prove that the contract itself had been changed since its alleged signing by appellees. The weight of such evidence was for the determination of the jury in the first instance, and afterwards for the court in ruling on the motion for a new trial, and since there was some evidence to sustain the verdict we are bound thereby.

Appellant contends that the court erred in striking out certain evidence given by the witness Kampmeier. This witness was called by it, and asked on direct examination, in substance, whether Mr. Deardurff, on a certain occasion, denied his sig-

nature to the contract in question, or stated that it had been altered or changed in any way since he signed it. The witness answered "No, he did not, although I do not remember that he expressly admitted signing it, he in no way signified that it was not his contract." On motion of appellees all of such answer except the words, "No, he did not," was stricken out over appellant's objection. This was not error, as the part stricken out was clearly a conclusion, and not responsive to the question asked.

Appellant also contends that the court erred in admitting certain evidence. The first relates to that of the witness Marquiss, who was called by appellant, and testified on direct examination that appellees Best, Pollock and Deardurff had signed appellant's exhibit "B," being the alleged contract of guaranty in suit. The court then permitted appellees over appellant's objection to ask the witness on cross-examination, in substance, whether he knew or understood, at the time of the signing of such contract, that it was a guaranty for any sum of money he owed appellant at that time. The question asked is not clear, but we assume that it was an inquiry regarding the witness' knowledge of the contents of the contract in question. When so considered there was no error in the court's ruling. It should be noted that appellees were defending under an answer of *non est factum*. This answer could be sustained by proof of a change in the instrument after their signatures were affixed, as well as by proof that such signatures were not genuine. Therefore the witness' knowledge of the contents of the instrument, which he had testified that appellees had signed, was a proper subject of inquiry on cross-examination, in order to enable the jury to properly weigh his testimony, and determine whether the instrument appear-

ing in evidence was in fact the instrument which he claimed appellee signed.

Error is also predicated on the action of the court in admitting certain evidence of appellee Deardurff over the objection of appellant. The record discloses that such appellee testified that the name, A. H. Deardruff, written on appellant's exhibit "B" was not his signature. He also testified in substance that said Marquiss had presented him a paper about six inches square to sign; that such paper was typewritten without any other printing on it; that he signed the same with a fountain pen in another room out of the presence of said Marquiss, and that he never signed any paper for him with a lead pencil; that at the time he signed such paper nothing was said about any guaranty, or that he was to be liable for any sum of money. In this connection the witness was then asked what Marquiss had said that he had, and wanted him to do. Appellant's objection to this question was overruled, and the witness answered as follows: "He said he wanted me to sign a recommend. He said he was moving from Rose Lawn to Brook and he had to get his medicine there, and he had to be identified and he wanted a recommend." Appellant contends that the overruling of its objection to the question last stated was reversible error. We cannot concur in this contention. The evidence disclosed that there had been a transaction between Marquiss and the witness, in which the witness had signed a paper. Marquiss had testified that such paper was the contract in question, and the witness had denied such fact. The identity of the paper so signed was therefore in dispute. It was in this connection that the question under consideration was asked. It was competent as a part of the *res gestae* of the transaction involved as bearing on the identity

of the contract in suit. *Hubbard* v. *Ranje* (1912), 52 Ind. App. 611, 98 N. E. 314.

Further error is predicated on the action of the court in overruling appellant's objection to a question asked appellee Deardurff relating to his understanding of the word "guarantor," as used in a letter to him from appellant. The evidence shows that the witness had denied that he executed the contract in suit. Appellant introduced in evidence a letter, which it had sent to the witness a few months after the alleged execution of the contract in suit, in which appeared the following sentence: "Mr. J. H. Marquiss, on whose contract you are a guarantor, apparently is not accomplishing much in the way of sales." The witness answered such letter on the back thereof by request of appellant, but did not deny that he was a guarantor for said Marquiss. The witness was asked in substance whether he understood or knew, when he read such statement, that appellant was claiming thereby that he was owing it a large sum of money, or was liable to have to pay a large sum of money. Appellant objected to such question on the ground that the witness' understanding of the words used could not prove or disprove any issue in the case, and that he was bound by the legal effect thereof. This objection was overruled, and the witness answered in the negative. The letter in question and the witness' answer thereto had been introduced in evidence in an apparent attempt to show an implied admission on his part that he had executed the contract in suit. Under such circumstances it was competent for the witness to answer the question under consideration, as any such admission must be determined from his understanding of the meaning of such letter, rather than from the legal effect of the words it contained, the rule precluding the variance of a

written instrument by parol testimony being inapplicable. *Elliott* v. *Puget Sound, etc., S. S. Co.* (1900), 22 Wash. 220, 60 Pac. 410.

Appellant also contends that the court erred in permitting the witness Murphy to testify in substance, over its objection, that he had told Mr. Kampmeier that appellees Best, Pollock and Deardurff were denying the execution of the contract and all liability thereunder; that Mr. Deardurff had informed him that he would pay no money on the same, as he had never signed the paper and felt he had no liability thereunder. The evidence shows that the witness was an attorney for said appellee, and that Mr. Kampmeier was the manager of a collection bureau which had the claim in suit for collection; that such witness had previously written a letter to appellant on behalf of appellees, which might be construed as an implied admission against them, as to the execution of such contract. The evident purpose of this evidence was to show that he had made a statement to such agent of appellant, contrary to such implied admission, after he had obtained possession of such original contract and had submitted it to his clients. Under such circumstances the admission of such evidence was not error.

Appellant assigned other reasons for a new trial in their motion therefor, which have not been presented in their brief. Such alleged errors are thereby waived. We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 118 N. E. 688.