Van Dolsen v. The State.

No. 399.

## VAN DOLSEN v. THE STATE.

BILL OF EXCEPTIONS.—*Instructions to Jury.*—*Exceptions to.*—*Section 535, R. S. 1881, Construed.*—Section 535, R. S. 1881, providing a summary method for reserving an exception to the giving, or the refusal to give, an instruction, without a bill of exceptions, and section 650, R. S. 1881, providing that papers filed in a cause may be made part of the record, by order of the court, relate exclusively to civil causes.

SAME.—*Instructions.*—*Exceptions to.*—*Time of Taking.*—*Marginal Notations.*— Where the instructions given or refused, in a criminal cause, are brought into the record by a bill of exceptions, but it is not shown that the exceptions were taken at the proper time, there being only marginal notations not dated, no questions arising upon the instructions are presented.

CRIMINAL LAW.—*Fornication.*—*Holding out as Husband and Wife.*—It is not essential to a conviction under section 1991, R. S. 1881, that the parties committing the offence of fornication should hold themselves out to others as being husband and wife.

APPELLATE COURT.—*Weight of Evidence.*—The Appellate Court will not reverse a judgment upon the evidence, in either a civil or criminal case, if the evidence fairly tends to sustain it.

From the Huntington Circuit Court.

*C. W. Watkins*, for appellant.

*A. G. Smith*, Attorney General, *W. A. Branyan*, Prosecuting Attorney, and *G. A. Yopst*, for the State.

BLACK, C. J.—Indictment under section 1991, R. S. 1881, charging that the appellant, a married man having a wife living, and a certain unmarried woman, during a specified period, did live and cohabit together in a state of fornication.

Counsel for appellant, in argument, objects to certain instructions given to the jury. The court's instructions, with certain instructions asked by the State, are set out in a bill of exceptions, in which, following the instructions, it is stated that, "these were all the instructions given in the cause, and the ones offered by the State that were given to

the jury were marked in the margin 'given,' and those not given are noted on the margin thereof 'refused;' and those not marked were all given by the court as his instructions." After one of the court's instructions are the words "objected to," with the name of the appellant's attorney, without any date. In the margin opposite certain instructions asked by the State and marked "given," as so indicated by the bill of exceptions, are similar notations, with the addition of the name and official designation of the special judge who presided at the trial, no date being given.

In *Behymer* v. *State*, 95 Ind. 140, an attempt had been made in part after the mode prescribed by the civil code, without a bill of exceptions, to save an exception to the refusal of the trial court to give a certain instruction. There was an exception upon the margin of the instruction, signed by the judge, but it was not dated, as required by section 535, R. S. 1881.

The Supreme Court, not deciding whether in a criminal case an instruction and an exception to a refusal to give it could be brought into the record in the mode prescribed in section 535, *supra*, held that in the case before it there was not a compliance with the requirement of that section. The court said : " Under this section, the date is quite as material as the signature of the judge, first, because they are both required by the statute ; and, second, because it is the date that shows when the exception was taken. It takes the place of a statement in a bill of exceptions, that the exception was taken at the time."

It is now established by the Supreme Court that section 535, *supra*, providing a summary method for reserving an exception to the giving, or the refusal to give, an instruction, without a bill of exceptions, and section 650, R. S. 1881, providing that papers filed in a cause may be made part of the record by order of the court, relate exclusively to civil causes ; that an exception to the giving, or the refusal to give, an instruction in a criminal case, can not be

saved by memorandum on the margin or at the close of the instruction, as provided for civil causes by section 535, *supra;* and that an instruction can not be brought into the record, or an exception thereto be saved in a criminal case otherwise than by a bill of exceptions. *Leverich* v. *State,* 105 Ind. 277; *Hollingsworth* v. *State,* 111 Ind. 289; *Brown* v. *State,* 111 Ind. 441; *Delhaney* v. *State,* 115 Ind. 499; *Meredith* v. *State,* 122 Ind. 514.

"The exceptions must be taken at the time of the trial." Section 1847, R. S. 1881.

The bill of exceptions should show that the exception was taken at the proper time. *Bruce* v. *State,* 87 Ind. 450.

In the case at bar the court gave fifteen days after the rendition of judgment in which to file a bill of exceptions, and the bill containing the instructions was filed ten days after judgment.

The instructions are in the record, but if it can be said that an exception to any instruction is shown by the bill, it is manifest that the record does not show that it was taken at the proper time.

Therefore, the objections urged by counsel to instructions given do not demand consideration.

The material matters presented in argument upon the instructions are involved in the question whether the verdict was contrary to the evidence.

The statute upon which the indictment was based provides as follows: "Whoever cohabits with another in a state of adultery or fornication shall be fined in any sum not exceeding five hundred dollars, and imprisoned in the county jail not exceeding six months."

Counsel for appellant seems to regard it as essential to a conviction under this statute that the parties committing the offence should represent themselves, or hold themselves out to others, as being husband and wife. With this view we can not agree. One of the meanings of the word "cohabit" is to live or dwell together as husband and wife.

It sometimes means to dwell together, to inhabit or reside in company, or in the same place. It is true that the cohabiting contemplated by the statute exists where a man and woman, not being husband and wife, live together in the manner of husband and wife; and a charge of the offence otherwise sufficient will not be insufficient because of the substitution of the words " as man and wife " for the words " in a state of fornication." But the word " cohabit," without the words " in a state of fornication," or words of equivalent meaning, would not be sufficient. *State* v. *Chandler*, 96 Ind. 591 ; *Jackson* v. *State*, 116 Ind. 464. In the case last cited it is said of the word " cohabit," as used in this statute : " It implies a dwelling together for some period of time, and is to be understood as something different from occasional, transient interviews for unlawful and illicit intercourse. To sustain an indictment under this section the evidence must establish cohabitation, including one or more acts of sexual intercourse, between parties not lawfully occupying the relation of husband and wife to each other."

The evidence showed that the house at which the appellant and the woman named in the indictment resided together, living in a state of fornication for about a year and a half, was also the home of the parents of the appellant, a married man living apart from his wife. There was evidence from which the jury might have found that the woman with whom the offence was committed, during some portion of the time, acted in the capacity of a working girl, or help, doing domestic service in the household, and that she received some wages for such service from the appellant's father. We are unable to regard the performance of such service, and the receipt of such compensation therefor, as sufficient to render the verdict contrary to the evidence otherwise sufficient.

This court will not reverse a judgment upon the evidence

in either a civil or a criminal case if the evidence fairly tends to sustain it. *Delhaney* v. *State, supra.*

The judgment is affirmed, with costs.

Filed April 1, 1891; petition for a rehearing overruled April 15, 1891.