ANDRE W. RICHARDSON, trustee, *vs.* MICHAEL DEVINE.

Essex. November 8, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil*, Special questions to jury, Exceptions. *Co-operative Society. Cor-
poration. Bankruptcy. Evidence.*

A party to an action, who at the trial took no exception to the submission of a
special question to the jury and apparently made no objection to the manner in
which it was submitted, when his case is before this court on exceptions cannot
raise the point that he was prejudiced by the form of the question to the jury,
especially where as here the description in the bill of exceptions of the transac-
tion to which the question-related makes clear both the meaning of the question
and the correctness of the answer.

In an action by the trustee in bankruptcy of a co-operative trading corporation to
recover money paid to the defendant by the manager of the corporation after it
became insolvent, it appeared that the payment was of the sum of $500 and was
made by the manager to the defendant for "shares withdrawn." It was shown
that the manager had no right to make the payment without authority from
the board of directors, even if the company had been solvent. The jury found
that the defendant was a shareholder of the corporation, that the manager was
not authorized by the board of directors to make the payment to the defendant
on account of the withdrawal of his shares, and that the corporation was insol-
vent at the time of the payment. The defendant contended that the manager
by virtue of his position had authority to make the payment to the defendant.
The only by-law of the corporation in regard to the withdrawal of money by
stockholders on account of their stock gave the manager and the president act-
ing jointly authority to permit a stockholder to withdraw a sum not exceeding
$10 and to submit the matter to the directors at their next meeting. Evidence
was admitted, subject to the exception of the defendant, that in all cases of the
withdrawal of sums greater than $10, previous to the payment to the defendant,
an application was made to the directors and the withdrawal was authorized by

them before the money was paid out. *Held,* that the evidence was admitted properly, being competent to controvert the defendant's contention as to the manager's authority to make the payment to the defendant.

In an action by the trustee in bankruptcy of a co-operative trading corporation to recover money paid to the defendant by the manager of the corporation after it became insolvent, it appeared that the payment was of the sum of $500 and was made by the manager to the defendant for "shares withdrawn." It was shown that the manager had no right to make the payment without authority from the board of directors, even if the company had been solvent. There was evidence that the stockholders had voted to add an amendment to the by-laws "that no person be allowed to hold more than $400 in stock of the society," and there also was evidence that from that time to the date of the adjudication of the bankruptcy of the society "various shareholders held shares in excess of $400 with the knowledge and consent of the society." *Held,* that the vote did not enlarge the defendant's rights in regard to the withdrawal of his shares, nor make him a creditor for the amount invested above the sum of $400.

KNOWLTON, C. J.   This is an action brought by a trustee in bankruptcy of the Lawrence Equitable Co-operative Society, a corporation organized in 1894 under the provisions of Pub. Sts. c. 106, as a dealer in household and personal supplies on the co-operative plan, which was adjudged bankrupt on October 5, 1893, to recover money paid to the defendant by the manager of the corporation after it became insolvent. The defendant was the holder of a pass book given him by the corporation, upon which on July 1, 1903, was entered as the amount of his "present claim shares," $520.49. Upon this pass book, on August 25, 1903, there was entered under the head "Shares Withdrawn," the sum of $500, making the balance under the head "Present Claim Shares," $20.49. At different times within two or three days of this time the manager of the corporation paid different sums to the defendant, amounting to $500, represented by this entry. In reply to a question in writing put by the judge to the jury at the trial, they answered that the corporation was insolvent at the time of this payment, and it is not contended that any error entered into this finding. To the question, "Was the defendant the creditor of the Lawrence Equitable Co-operative Society or a shareholder therein?" they answered, "Shareholder." They also answered "No" to the question, "Was the manager authorized by the board of directors of the society to make payment to the defendant on account of the withdrawal of his shares?" The defendant objected to the refusal of the judge to give certain rulings that he requested and

to a part of the charge. In view of the findings, many of these requests are now immaterial.*

There was ample evidence to warrant the finding that the defendant was a shareholder in the corporation. Indeed, the evidence to this effect was almost overwhelming. The defendant contends that the judge deprived him of a part of his defence by directing the jury to answer the second question, referred to above, " Shareholder " or " Creditor." He says that the jury might have found that he had no relation to the corporation, and that the money which he had furnished on account of which the manager made the payment was a loan to the manager personally. The reply to this is that he took no exception and apparently made no objection to the manner in which the questions were submitted to the jury. Besides, the description of the transaction, including the giving of the pass book, in the bill of exceptions, is such as to make it certain that the defendant was dealing with the manager of the corporation as the corporation's representative, and not in his personal capacity.

Upon the undisputed evidence it is plain that the manager had no authority to make this payment to the defendant for shares withdrawn, without authority of the board of directors. Even if the company had been solvent, he had no such authority. The directors themselves could not properly make such a payment while the corporation was insolvent.

As a member of the society the defendant was charged with knowledge of the by-laws. The only by-law in reference to the withdrawal of money by stockholders, on account of their stock, gave the manager and the president, acting jointly, authority to permit a stockholder to withdraw a sum not exceeding $10, and to submit the matter to the directors at the next meeting. Evidence was admitted, subject to the exception of the defendant, that, in all cases of the withdrawal of sums greater than $10 previous to this payment to the defendant, an application was made, and the withdrawal was authorized by an express vote of the directors before the money was paid out. Upon the defendant's contention that the manager had authority to make

---

* The jury found for the plaintiff in the sum of $562.92; and the defendant alleged exceptions.

the payments to him by virtue of his position as the representative of the company this evidence was competent.

The vote of the stockholders in January, 1895, to add an "amendment to the by-laws that no person be allowed to hold more than $400 in stock of the society," coupled with the fact that "from that time down to the date of the adjudication that the society was bankrupt in 1903, various shareholders held shares in excess of $400 with the knowledge and consent of the society," did not enlarge the defendant's rights in reference to the withdrawal of his shares, nor make him a creditor for the amount invested above the sum of $400.

In view of the instructions to the jury and the special findings, it is unnecessary to consider the requests for instructions more particularly.

*Exceptions overruled.*

*W. C. Ford*, for the defendant.
*H. R. Dow*, for the plaintiff.