## STATE *v.* BRUMFIEL.

[No. 23,407.    Filed November 25, 1919.]

1. CRIMINAL LAW.—*Counties.—Presenting False Claims.—Evidence.—Admissibility of Claim.*—In the prosecution of a county official for unlawfully receiving compensation in addition to his salary, it was error to refuse to admit in evidence instruments purporting to be the defendant's claim and the warrant drawn therefor, on the defendant's objection that they were not for compensation for services that the defendant was obligated to render for the reasons that the claim appeared on its face to be for "expense," and that the words "G. R. C. Fund" appearing on the warrant, as shown by the defendant's preliminary examination, meant "gravel road construction and expense fund," where the state offered to show that the defendant had not incurred any expense in reference to any of the matters mentioned in the claim; the mere verbiage of the instruments, in view of the offered evidence, could not foreclose the charge in the indictment.    p. 585.

2. CRIMINAL LAW.—*Evidence.—Defendant's Admission Before Grand Jury.*—In a prosecution of a county official for unlawfully receiving compensation in addition to his salary, it was error to refuse to permit a member of the grand jury to repeat what the defendant had stated as a witness before that body for the purpose of showing that the defendant admitted that the claim purporting to be for expenses was not for expenses personally incurred, the purpose not being to convict the defendant of perjury, nor to ascertain whether his later testimony was consistent with his testimony before the grand jury.    p. 586.

From Grant Circuit Court; *Nelson G. Hunter*, Special Judge.

Prosecution by the State of Indiana against Oscar M. Brumfiel. From a judgment of acquittal, the state appeals and presents reserved questions of law. *Appeal sustained.*

*Ele Stansbury*, Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury*, for the state.

*Stricler & Messick* and *Condo & Browne*, for appellee.

HARVEY, J.—Appellee was acquitted, by a directed

verdict, of a charge, by indictment, of unlawfully receiving compensation from the county in addition to his salary as a county commissioner. The state presents reserved questions of law.

The state complains that the court refused to allow in evidence an instrument purporting to be the claim by appellant against the county, and, further, so refused an instrument purporting to be the warrant received in payment of said claim.

The claim is objected to because it reads for "expense," and thus, on its face, shows that it is not for compensation for services which the defendant 1. was obligated to render as county commissioner. The state offered to follow with evidence explaining that defendant had not incurred, personally, any expense in reference to any of the roads mentioned in the claim, and that the same was to compensate defendant for his time and services as a commissioner, and that defendant had so stated, and, further, that the claim was allowed and paid. Defendant was charged with presenting an unlawful claim. The mere verbiage of the claim cannot, in view of the offer of explanatory evidence, foreclose the charge in the indictment. If the claim was unlawful, the wording of the same may have been intended as a cover for its illegality. The same was subject to such explanation. The objection should have been overruled.

The warrant when identified and marked as an exhibit was offered in evidence. Defendant, after preliminary examination of the witness, and thereby showing that the letters in the face of the warrant, to wit, "G. R. C. Fund," mean "gravel road construction or expense fund," objected and stated substantially the same ground as stated in objection to the claim. The objection should have been overruled.

Appellant's further complaint is that the court erred

in refusing to permit a witness, who was a member of the grand jury which returned the indictment

2. against defendant, to repeat what defendant, who had been subpoenaed as a witness before the grand jury, had stated to the grand jury, the purpose being to show that defendant admitted that the claim was not for expenses he had personally incurred; the purpose not being to thereby convict defendant of perjury upon a trial of defendant on a charge of perjury; nor to ascertain whether the later testimony of the witness was consistent with his testimony before the grand jury.

The objection of defendant should have been overruled. *Hinshaw* v. *State* (1896), 147 Ind. 334, 47 N. E. 157, and cases cited.

As stated in appellant's brief, all other points made are covered by the rules above announced.

The appeal is sustained at the costs of appellee as to the appeal.

NOTE.—Reported in 125 N. E. 40.