WHITNEY *v.* STATE OF INDIANA.

[No. 25,796.   Filed February 16, 1934.   Rehearing denied June 8, 1934.]

*Frank A. Symmes, Harold F. Kealing, Garth B. Melson, Donald F. Lafuze,* and *Robinson, Symmes & Melson,* for appellant.

*James M. Ogden,* Attorney-General, and *James B. Stroup,* Deputy Attorney-General, for the State.

HUGHES, J.—This is an action against the appellant upon an amended affidavit for embezzlement predicated upon §2470, Burns 1926, §10-1704, Burns 1933, §2467, Baldwin's 1934. The appellant, in the lower court, filed

a motion to quash the amended affidavit, the motion was overruled; the appellant was tried by the court without the intervention of a jury and found guilty as charged in the affidavit and sentenced to the Indiana State Prison for a period of not less than two (2) nor more than fourteen (14) years.

The assignment of errors is as follows: (1) The court erred in overruling appellant's motion for a new trial; (2) the court erred in overruling appellant's motion to quash the affidavit.

The amended affidavit, omitting caption and formal parts, is as follows:

"Be It Remembered, That on this day before me, William H. Remy, Prosecuting Attorney of Marion County, personally came Harry McGlenn, who being duly sworn, upon his oath says that Arthur E. Whitney, on or about the 30th day of March, A. D. 1927, at and in the County of Marion and State of Indiana, being then and there an employe of one Ruud Manufacturing Company, a corporation, did then and there receive for the said Ruud Manufacturing Company, a corporation, and take into his possession by virtue of said employment as aforesaid, the following property, to wit: One certain check drawn by C. C. York upon the Fletcher American National Bank of Indianapolis, Indiana, dated March 9, 1927, payable to the order of Ruud Manufacturing Company in the sum of one hundred fifty dollars (150.00), then and there of the value of one hundred fifty dollars (150.00), the property of the said Ruud Manufacturing Company, a corporation, and to the possession and ownership of which the said Ruud Manufacturing Company, a corporation, was then and there lawfully entitled; that the said Arthur Whitney, while in the employment of said Ruud Manufacturing Company, a corporation, and in possession and control of such check as aforesaid, did then and there unlawfully, feloniously and fraudulently, without the consent of the said Ruud Manufacturing Company, a corporation, take, purloin, secrete, cash, embezzle and appropriate to his own use the proceeds from said check then and there of the value of one hundred fifty

dollars (150.00) as aforesaid, then and there being contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana."

The motion to quash contains two reasons therefor as follows: (1) That the facts stated in the affidavit do not constitute a public offense; (2) That the affidavit does not state the offense with sufficient certainty.

Section 2470, Burns 1926, §10-1704, Burns 1933, §2467, Baldwin's 1934, upon which the amended affidavit is based, reads in part as follows:

> "Every officer, agent, attorney, clerk, servant or employee of any person, firm, corporation, or association, who, having access to, control or possession of, any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete, or in any way whatever appropriate to his own use, or to the use of others, . . . any money, coin, bills, notes, credits, choses in action or other property or article of value belonging to or deposited with or held by such person, firm, corporation or association in whose employment such officer, agent, attorney, clerk, servant, or employee may be, shall be deemed guilty of embezzlement, . . ."

We do not assent to either of the reasons presented by appellant to quash the amended affidavit. The argument is advanced by appellant that the offense of the embezzlement of the check is not completely averred in that the amended affidavit does not charge that the defendant embezzled, converted to or appropriated to his own use or the use of others, the said check. The affidavit specifically states "that the said Arthur E. Whitney, while in the employment of said Ruud Manufacturing Company, a corporation, and in possession and control of such check as aforesaid, did, then and there unlawfully, feloniously, and fraudulently, without the consent of the said Rudd Manufacturing Company, a corporation, take, purloin, secrete,

cash, embezzle and appropriate to *his own use* the proceeds from said check then and there of the value of one hundred and fifty dollars as aforesaid." We think the reasonable and fair construction of the indictment to be that the defendant was charged with the embezzlement of the "check" and not the embezzlement of "the proceeds of the check." The offense of embezzlement of the check is sufficiently charged and it is also sufficiently charged that the defendant converted and appropriated the check to his own use.

This was the construction and view placed upon the indictment by the appellant's attorneys. The record (page 56) shows that the following statement was made by appellant's attorneys: "He is charged with embezzling this check and converting this check to his own use."

> Section 2224, Burns 1926, §9-1126, Burns 1933, §2205, Baldwin's 1934, provides: "The indictment or affidavit is sufficient if it can be understood therefrom. . . .
>
> "Fifth. That the offense charged is stated with such a degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case."

And it is further provided by §2225, Burns 1926, §9-1127, Burns 1933, §2206, Baldwin's 1934, that:

> "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, . . . for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

No more certainty is required in criminal cases than in civil cases and all that is necessary is that the allegations be certain to a common intent. *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819.

The true test of the sufficiency of an indictment is

whether the material averments thereof are ■ stated with such certainty as to apprise the defendant of the nature and character of the charge against him. *Agar* v. *State, supra.*

The court did not commit error in overruling the motion to quash.

It is next insisted that the court erred in overruling appellant's motion for a new trial. The reasons assigned in the motion are as follows: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding of the court is contrary to law.

Reasons 3 to 16, inclusive, are based upon the admission of certain evidence and the introduction of certain exhibits.

It appears from the evidence that from 1926 to April, 1927, the appellant was an employee of the Ruud Manufacturing Company, a corporation, in the branch ■■ office at Indianapolis, Indiana, and his work was to sell water heaters manufactured by said company. R. A. Parke, was called as a witness for the State. He stated that he was the credit manager and acting secretary and treasurer of the company and had been with the company for more than nine years; that in August, 1926, and in 1927, he was assistant auditor of the company. Certain questions were asked the witness Parke, and answered over the objection of the defendant as to the manner and custom of making sales to customers and the disposition of the money received. We see no valid objection to this line of evidence and especially in view of the evidence given by the defendant. The evidence of the witness Parke shows that when any money or checks were received by the defendant Whitney, the same should have been sent to the home office at Pittsburgh and that Whitney had no authority to endorse and cash checks payable to the company.

The evidence given by the defendant on direct and cross-examination shows that he was to receive two hundred dollars per month as a salary and that he was to requisition the company for the current expense of the branch office for each month. The necessary blanks and forms were furnished for this purpose. His evidence further shows that when he sold a heater, the contract for the same was to be forwarded to the home office and all payments whether by cash or check were also to be forwarded.

The evidence shows that when the defendant was employed by a Mr. Lewis, that money would be supplied by the home office on defendant's requisition for operating expenses and that he was to deposit it locally but not in the name of the Ruud Company. The defendant established two bank accounts with the Fletcher Savings and Trust Company. One in the name of A. E. Whitney, and one in the name of A. E. Whitney, manager. The evidence further shows that the defendant was not permitted to take checks payable on a contract and put them in his bank account and then use that to pay current expenses; that he knew the home office was expecting every payment made on a contract which they had registered at their home office to be sent direct to the company; that he knew the home office kept on file the terms of each contract and that they expected the payments month by month; that at first when the checks came in, he would send them direct to the company and did not cash them and deposit them in his own account, later he would indorse the Ruud Manufacturing Company's name by A. E. Whitney, and deposit them in his account. The company did not know this and when the checks failed to come to the home office in compliance with the contracts held by the office an investigation was made by representatives of the office who came to see Mr. Whitney.

Mr. Whitney had sold one heater to C. C. York for $175.00 in February, 1927. A report of sale, on a prescribed form, was sent to the company and not having received a remittance on this order the company got in touch with Mr. York and learned that he had paid the account and obtained his cancelled check for $150.00, dated March 9, 1927, which was indorsed "Ruud Mfg. Co. by A. E. Whitney, Mgr." A Mr. R. A. Parke in behalf of the company came to Indianapolis, and with the assistance of a Mr. Reuter made an investigation as to the transactions of Mr. Whitney with the company. They learned of the C. C. York account and also of several other similar accounts and transactions. This was probably in March, 1927. They called on Mr. Whitney and asked him about the different accounts and asked him "if he could not furnish or tell us which accounts he had taken, that it would be a lot of trouble for us to find out which ones they were and he said, yes, he could." That he had a list at home. He went home and returned and handed them a list. The account of C. C. York for $150.00 was on the list together with others totalling $989.92. The defendant stated on cross-examination that the list consisted of payments he had received for the company which he had not turned in.

The following questions were asked of Mr. Whitney and answers made by him. "Q. Included in this is the item C. C. York, $150. At the time you compiled this list after they came to make this investigation, you had not up to that time informed the company of having cashed, or deposited in your own account, as sales manager, this C. C. York, $150.00 check had you? A. No Sir. Q. And you had not then made any accounting to the company for any money you had spent out of this $150.00, had you? That is, you hadn't called to their attention, the fact that you had received the check, and

you didn't pretend you had spent any out, had you?
A.  No Sir."

It was the contention of appellant that he deposited the $150.00 check and had paid it out for expenses of the company.  He could not tell what the $150.00 was paid out for as distinct and separate from the requisition money which he had received, and he never told the company that he received the money or what he did with it.  It further appears that he shifted his accounts from one account to the other and commingled his personal account with that of the company.

We have carefully read all the evidence given in this cause and we can not say there is not sufficient evidence to sustain the judgment.

It is not necessary on appeal that the evidence should show the defendant's guilt beyond a reasonable doubt in order for it to be sufficient to sustain the judgment.  All that is required on appeal is that there shall be some evidence sustaining every material allegation of the affidavit or indictment and in determining whether a verdict or finding is sustained by sufficient evidence this Court will not weigh conflicting evidence, but will consider only that tending to support the judgment.  A judgment will not be reversed for insufficiency of evidence unless there is a total lack of evidence to support some essential element of the offense. *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681; *Krstovich* v. *State* (1917), 186 Ind. 556, 117 N. E. 258; *Luther* v. *State* (1912), 177 Ind. 619, 98 N. E. 640; *Weigand* v. *State* (1912), 178 Ind. 623, 99 N. E. 999.

The 3rd, 4th, 5th, and 6th reasons for a new trial related to the admission of certain evidence of the witness R. A. Parke.  If it should be conceded that the evidence complained was improper it would avail the appellant nothing, because the undisputed competent evidence shows that the appellant had no authority to

indorse or cash checks and it showed what should have been done with them.

There was no authority given to Whitney to indorse checks which he received in the name of the company for the sale of heaters. In the case of *Robinson* v. *Bank of Winslow* (1908), 42 Ind. App. 350, 352, 353, 85 N. E. 793, the courts approved the following extract from 1 Parsons, Contracts (9th) p. 62:

> "An agent's acts in making or transferring negotiable paper (especially if by indorsement) are much restrained. It seems that they can be authorized only by express and direct authority, or by some express power which necessarily implies these acts, because the power can not be exercised without them."

And again quoting from Mechem, Agency, §382, wherein he says:

> "But even if authorized to accept checks in payment of the demand, the agent has no implied authority to indorse them and collect the money thereon, . . ."

And the court again said:

> "Agency rests on contract, express or implied. It is general or special. It is special when both the end and the means are specific. The authority in the case at bar was to receive the money; the means, to surrender the note. Had the agent been authorized to accept a check, instead of money, she would not, as we have seen, had authority to indorse it." See *Hamilton Natl. Bank* v. *Nye* (1906), 37 Ind. App. 464, 77 N. E. 295.

The evidence and the facts in the instant case clearly show the appellant had no authority to indorse the check in question.

The court did not commit error in admitting in evidence State's Exhibit No. 1, which was a requisition on the Ruud Mfg. Co. for $100.00 by the appellant; nor it did not commit error in admitting exhibits 3, 4, 5, and 6 which pertained to the ac-

count between the company and C. C. York, and exhibit No. 6 being the check in question.

The appellant, defendant below, objected to the introduction of State's Exhibits 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16. These exhibits all relate to a transaction had by the appellant with a Mr. Speers and a Mr. Hudson and the Ruud Manufacturing Co. The transactions were similar to that of C. C. York and were proper to be introduced.

The appellant also objected to the introduction of State's Exhibits 19 and 20. These exhibits relate to repairs sold to Fred A. Schneider. Exhibit 19, is a check for $135.00 payable to the Ruud Mfg. Company signed by W. G. Schneider and indorsed by Ruud Mfg. Co., A. E. Whitney Mgr. The company never received this check. Exhibit 20 was a check for $34.30 which was received by the company. These exhibits were properly introduced.

State's Exhibits 23 and 24 were properly admitted in evidence. They related to a transaction between the appellant and William Smith who had purchased a heater from Mr. Whitney. The purchase price had been paid Mr. Whitney. Exhibit 21 purports to be a list made by Mr. Whitney of amounts he had received and had not turned in to the company. Among the list of names given by Mr. Whitney, in exhibit 21, appears the name of William Smith and as owing a balance of $23.00.

The appellant further objected to the introduction of State's exhibits 25, 26, 27, 28, 29, 30, and 31. These exhibits all relate to the sale of a heater by the appellant to Mrs. Hattie Benefiel, the first six exhibits being checks for $13.00 each given to the Ruud Mfg. Co. by Mrs. Benefiel, and the last exhibit being the sale contract. The first check, exhibit 25, was indorsed and cashed by the appellant while the other checks were sent

to the company and indorsed by the company. The appellant, on cross-examination, admitted that he indorsed the check as represented by exhibit 25 and put the proceeds in his own account. He also testified he knew the company had no way to check their accounts and give credit to the proper person until the check or checks were sent in. No error was committed in admitting the aforesaid exhibits.

It is true that the general rule is, that proof of collateral crimes is not admissible. There are exceptions however, to this rule. Proof of other crimes or occurrences of similar nature is proper where the act constituting the crime under investigation had been clearly established and the motive, intent, or guilty knowledge of the defendant is in issue. *Underhill* v. *State* (1916), 185 Ind. 587, 114 N. E. 88; *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385. Gillett, Criminal Law, p. 870.

There is no merit in the contention of appellant that there is an entire failure of proof to show that he was an employee of the Ruud Manufacturing Company. In the case of *Ritter* v. *State* (1887), 111 Ind. 324, 326, 12 N. E. 501, the Court said:

"Webster thus defines the word 'employee': 'One who is employed.' If, in the case in hand, appellant was not employed by John McCarter, in any capacity or for any purpose, he was not guilty of the crime of embezzlement as defined in our statute; but if he was so employed, no matter in what capacity or for what purpose, and by virtue of his employment was entrusted with money of his employer, which he fraudulently and feloniously appropriated to his own use, he was no doubt guilty, under our statute, of the public offense of embezzlement."

Under the evidence and facts in the instant case there can be no doubt that the appellant was an employee of the Ruud Manufacturing Company.

After a most careful review of this case we find no reversible error in any of the rulings of the court. The evidence is sufficient to sustain the finding and judgment. We believe the evidence is conclusive of the defendant's guilt, but, if not, it is incriminating in character and was sufficient to convince the lower court, who tried the case, of the guilt of the appellant and upon such state of facts this court will not disturb the judgment. *Murphy* v. *State* (1915), 184 Ind. 15, 110 N. E. 198; *Thain* v. *State* (1914), 182 Ind. 345, 106 N. E. 690.

Judgment affirmed.