# Butler et al *v*. State of Indiana

[No. 28,034.   Filed April 4, 1945.]

*Robert A. Buhler,* of Fort Wayne, for appellants.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Deputy Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

STARR, J.—The appellants were jointly tried and convicted in the City Court of the City of Fort Wayne upon a charge of fornication. They appealed to the Allen Circuit Court where, upon trial, they were again convicted, and from which conviction this appeal is prosecuted. The questions presented arise upon the action of the court in overruling the motion for a new trial.

Six causes are stated in the motion for new trial. One of the causes was that a new trial should have been granted for the reason that appellants were surprised by certain testimony of the State's witness, Leota Pearl Wells. This cause can not be reviewed, as it is not properly presented. Appellants' statements with regard to this testimony, and support-

ing affiavits with regard to new evidence which could be presented on retrial, appear only in the verified motion for a new trial. "It has been repeatedly decided, and it is well settled, that affidavits supporting a motion for a new trial can only be brought into the record by a bill of exceptions, and that the motion for a new trial, though itself a part of the record, 'does not constitute evidence of the truth of the alleged causes for the motion, and this is so, even though the motion be sworn to or accompanied by affidavit in supoprt of it.' " *McCallister* v. *State* (1940), 217 Ind. 65, 73, 26 N. E. (2d) 391. See also *Shriner* v. *State* (1943), 221 Ind. 250, 47 N. E. (2d) 139; *Bowling* v. *State* (1942), 220 Ind. 497, 44 N. E. (2d) 171.

A further cause, that the court erred in overruling defendants' objection to the testimony of the witness Ed Rose, on behalf of the State, as to conversations between the defendants and the said witness and others after the witness had invaded the privacy of the room of the defendant Garber, is also unavailing, as the record does not disclose that any objection was made to such testimony of said witness when given at the trial.

Two further assignments, relating to the admitting and striking out of evidence, are not urged or mentioned in appellants' brief, as required by Rule 2-17 of this court, 1943 Revision, and are therefore waived.

Finally it is contended that the finding of the court is not sustained by sufficient evidence, and that the finding of the court is contrary to law. Since only the sufficiency of the evidence is in question, these two assignments will be considered together.

It is not necessary to set out the evidence in detail, but an examination of the record shows that from the

evidence produced by the State it could reasonably be inferred that, for a period of approximately three weeks, the appellant Virginia Maxine Garber, a single woman, and appellant Merle Butler, a married man, had been unlawfully assuming the visible forms of marriage and had been habitually exercising toward each other the rights and privileges which belong to the conjugal relation. It is not essential to the conviction in this case that the parties committing the offense should have held themselves out to others as being husband and wife. *Van Dolsen* v. *State* (1891), 1 Ind. App. 108, 27 N. E. 440. Nor was it necessary that the unlawful act or acts of intercourse should have been proven by direct evidence (*Jackson* v. *State* [1889], 116 Ind. 464, 19 N. E. 330), as from the very nature of the case such unlawful conduct can rarely be proven by direct testimony. It is the law that "where the evidence, either direct or circumstantial, is such that two inferences may reasonably be drawn therefrom, one of guilt and one of innocence, it is not within the province of the Supreme Court to determine which inference should have controlled, that being exclusively for the jury, or for the trial court." *Winters* v. *State* (1928), 200 Ind. 48, 160 N. E. 294. See also *Warner* v. *State* (1931), 202 Ind. 479, 175 N. E. 661.

There was no error in overruling the motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 60 N. E. (2d) 137.