## GERNHART v. STATE OF INDIANA.

[No. 29,125. Filed June 21, 1954. Rehearing denied September 15, 1954.]

*Solly K. Frankenstein* and *Ora R. Kuhlman,* both of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit. under the Acts of 1939, ch. 48, §52, p. 289, being §47-2001(b), Burns' 1952 Repl., with the offense of operating a motor vehicle while under the influence of intoxicating liquor, tried by jury, found guilty as charged, fined in the sum of $50, and sentenced to the Indiana State Farm for a period of sixty days.

The sole error assigned is the overruling of appellant's motion for a new trial.

The motion contains 23 specifications or grounds for a new trial.

Specifications numbered 1, 2, 3, 4, 5, 6, 11, 12, and 15, which question the verdict of the jury as not being sustained by sufficient evidence and as being contrary to law, the refusal to give defendant's-appellant's tendered instructions num-

bered 6 and 7, and the admission of certain testimony, are not discussed in the argument section of appellant's brief and are, therefore, deemed waived. Rule 2-17 (e) and (f) of the Indiana Supreme Court, 1954 edition; *Butler* v. *State* (1945), 223 Ind. 260, 262, 60 N. E. 2d 137.

Specifications numbered 7, 8, 9, 10, 13, and 14 allege error in the trial court in admitting certain testimony concerning the results of a drunkometer test.

Appellant does not here contend that the taking of a drunkometer test was a violation of any of his constitutional rights, "but rather that the evidence of the test and the results thereof were not within the realm of being a determination 'of the amount of alcohol in the appellant's blood at the time the offense was alleged to have been committed' as shown by a chemical analysis of his breath, urine or other bodily substance and also the power of the legislature to make something a fact when from scientific determination the same is *not* a fact."

Specifications numbered 8, 9, 10, and 13 do not show any grounds for the objection to the testimony.

"A party objecting to the admission of evidence or asking that it be struck out must state to the trial court the specific ground or grounds of objection relied on, and only those objections are available as causes for reversal, on appeal, which were made and ought to have been sustained in the court below." Citing authorities.
*Pocker* v. *State* (1926), 197 Ind. 599, 601, 150 N. E. 408.

No specific objections to the testimony referred to in specifications numbered 8, 9, 10, and 13 having been made in the trial court, errors, if any, in the admission of such testimony are not causes for a reversal of the judgment. *Pocker* v. *State, supra; But-*

*ler* v. *State* (1945), 223 Ind. 260, 262, 60 N. E. 2d 137, *supra.*

Appellant here asserts that a drunkometer test is not "a chemical analysis" within the meaning of that term as used in Acts 1939, ch. 48, §54, p. 289, being §47-2003 (2), Burns' 1952 Repl. This question was not raised in the trial court. A similar situation was before this court in *Heyverests* v. *State* (1931), 202 Ind. 359, 174 N. E. 710, and at page 362 of 202 Ind., this court said:

> "In the trial court, appellant made no objection on the ground which he now asserts and relies upon, to the evidence which was offered and received. A party who objects to the admission of evidence must state or point out to the trial court with reasonable certainty the specific grounds of his objection, and, when such grounds are stated, the implication is that there are not others or, if others, that they are waived. *Howard* v. *State* (1921), 191 Ind. 232, 242, 131 N. E. 403; *Bass* v. *State* (1894), 136 Ind. 165, 36 N. E. 124. If the evidence is received over such objection, an appellant cannot, in the court of appeal, urge, for the first time, other or different objections, . . . "

Since the actual objections made to the testimony set out in specifications 7 and 14 are not urged in this court, and since the question here urged was not presented in the trial court, none of the questions which appellant attempts to raise by specifications numbered 7 and 14 are before us for consideration.

Specifications numbered 19, 20, 21, 22, and 23 are predicated upon questions asked on cross-examination of appellant's mother, a witness for defendant-appellant, as to his former arrests on charges of reckless and drunken driving. No answers to any of these questions appear in the motion for a new trial, nor do any of them, except specification

number 21, point out any specific objections to the question asked. This court will not search the record to reverse a judgment and when error is predicated upon the admission or rejection of testimony, the motion for a new trial must not only show the specific grounds for the objection to the testimony, but must set out the question and answer if there was one, or the substance thereof. *Brown* v. *State* (1939), 216 Ind. 106, 108, 23 N. E. 2d 267.

These specifications present no question for review on appeal.

Specifications 16, 17, and 18 are also predicated upon the alleged erroneous admission of certain testimony. It is asserted that the admission of this testimony was prejudicial to appellant's interests.

The objection urged to the question in specification number 16 is that it called for a conclusion of the witness on a subject concerning which a proper foundation had not been laid. The record does not sustain appellant's position.

The objection in specification number 17 is based upon the ground that the question called "for a general conversation, without reference to any of the matters at issue." Since the answer to the question related specifically to the matters in issue, we cannot see how appellant was harmed by the court's ruling in permitting the witness to relate the conversation. Appellant's objection as stated in specification number 18 is without merit.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Flanagan, C. J., Draper, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 120 N. E. 2d 265.