LAYMON *v.* STATE OF INDIANA.

[No. 29,867. Filed June 29, 1961. Rehearing denied September 19, 1961.]

*Joseph A. Noel, Jerry L. Angel* and *Jump, Noel, Lacey & Angel,* of counsel, of Kokomo, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General and *Richard C. Johnson,* Deputy Attorney General, for appellee.

ARTERBURN, J.—*The appellant was charged in two counts, the first with embezzlement of money in the amount of Nine Hundred Forty Dollars and Eight-one cents ($940.81) while employed with the Logansport Light and Water Office of the city of Logansport. In the second count he was charged with grand larceny of the same amount.

The prosecution was instituted under the provisions of Burns' Ann. St. §10-1701 (1956 Repl.). The trial was by court, who found the appellant guilty of the crime of embezzlement and not guilty of the crime of grand larceny. Appellant was sentenced accordingly.

The sole assignment of errors is the overruling of appellant's motion for a new trial. Specifications 1 and 2 claim that the decision of the court is contrary to law and not supported by sufficient evidence, the main contention being that the evidence was merely circumstantial and not substantial enough to support the decision.

There is more than mere circumstantial evidence in this case, although such evidence would be sufficient to sustain the verdict. It shows that the appellant was employed as a bookkeeper and part-time cashier of the Light and Water Office of the city of Logansport. In that position he accepted cash receipts in payment of the customers' water bills and made bookkeeping entries accordingly. It was established that there was a shortage of cash receipts through a period of approximately two years prior to the date fixed in the indictment. It was shown that credits at times were posted to customers' water

---

* This case was reassigned at a conference of this court on June 21, 1961, and the writer of this opinion received it for the first time on that date.

accounts at night and after hours, when the defendant was using the posting machine. The cash on such accounts received was not at the same time run through the cash receipts book. Seventeen witnesses testified that they turned over their payroll checks at the utility office window to pay their water bills. The evidence showed that the appellant endorsed these checks personally and deposited them in his personal bank account. It also shows that he deposited other payroll checks accepted in payment of water bills at the utility office and deposited the checks in a bank in another town (Kokomo), where he told the bank official there that he was an auditor, and the word "Auditor" was placed after his endorsement on the check. This personal bank account amounted within a year's time to over $21,000.00.

When a defendant takes checks as an employee through a payment window or out of a water department and endorses them and deposits these checks in his personal account, we have direct evidence, rather than mere circumstantial evidence of embezzlement. The court did not have to accept appellant's story of how he came into possession of the checks used to pay water bills.

In corroboration of the State's case, there is circumstantial evidence which shows that although he made approximately $3,000.00 a year during the time in question, the appellant accumulated bank accounts and other assets of $20,000.00 to $30,000.00, including two or three cashier's checks of $5,000.00 each. Such evidence is material and relevant and from such evidence conclusions adverse to the appellant's contentions may be drawn. There is no explanation of how this money was legitimately received by the appellant or why it should not have been properly in-

vested, rather than held in cashier's checks, unless concealment was desired.

The evidence more than amply supports the decision. We may not weigh the conflicting evidence, but must accept that most favorable in support of the decision. *Hudson* v. *State* (1957), 236 Ind. 237, 139 N. E. 2d 917. The fact that another person might also have been guilty of embezzlement does not eliminate the fact that the appellant is also guilty.

Objections were made that testimony was admitted showing the appellant was involved in other check and cash transactions in connection with the Light and Water Office in which he was employed. A review of this evidence reveals a system of similar transactions. It was admissible to show the intent, course of conduct, and any scheme involved in the embezzlement charged. Such transactions, when the crime of embezzlement is charged, are admissible to show such a course of conduct. *Loveless* v. *State* (1960), 240 Ind. 534, 166 N. E. 2d 864; *Whitney* v. *State* (1934), 206 Ind. 562, 188 N. E. 779.

Another specification in the motion for a new trial alleges that it was error to admit testimony of one of the witnesses with reference to procedure in the Light and Water Office shortly after the appellant left his employment there. The testimony was nothing more than corroborative of the testimony of those working in the office at the time the appellant was employed there. We do not find that the testimony admitted was in any way prejudicial.

A further specification is to the effect that the

court erroneously, over objections, admitted the testimony given by the appellant before the grand jury, as well as certain statements made by the appellant to the prosecuting attorney. The appellant testified voluntarily before the grand jury and signed a written waiver.

Testimony which a person gives before a grand jury, just as any conversation which he may have concerning a crime with which he is charged, is ordinarily admissible. If the whole conversation or statement is not brought out on direct examination, it may be drawn out upon cross-examination.

> "The rule is well established that confessions and declarations voluntarily made by a witness before a grand jury may be introduced in evidence in a subsequent criminal prosecution in which the witness is the defendant." 2 Wharton's Criminal Evidence, §344, p. 23 (12 ed. 1955) ; See also: *State* v. *Brumfiel* (1919), 188 Ind. 584, 125 N. E. 40.

It is also urged that these admissions by appellant were introduced before the *corpus delicti* was proved. We have previously determined that the trial court may, in its discretion, determine the order of proof. The *corpus delicti* was proved independently of the appellant's confession in this case. *Hurst* v. *State* (1944), 222 Ind. 599, 56 N. E. 2d 493; *Watts* v. *State* (1945), 226 Ind. 655, 82 N. E. 2d 846; (1950), 229 Ind. 80, 95 N. E. 2d 570; *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442.

Finally, it is contended that the judge edited the transcript of testimony given before the grand jury

and it was not discovered until after the trial. There is testimony, however, to the contrary, which shows that the attorneys representing appellant and the State got together and went over the transcript of the grand jury and edited it and informed the court of portions by agreement to be deleted. Such evidence is sufficient to support the trial court's finding against the appellant on this specification in the motion for a new trial.

The judgment of conviction is affirmed.

Landis, C. J., not participating.

Achor and Bobbitt, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I am unable to agree with the conclusions expressed in the majority opinion herein.

While we do not weigh evidence on appeal, we are required to examine the record to determine whether or not the evidence is sufficient to sustain the verdict or decision.

In the instant case the State, I think, proved the following facts:

1. That there was *a shortage* of approximately $73,000 in the water company account during the period covered by the examination by the State Board of Accounts.

2. That the appellant at times used his own money to cash checks for persons paying their light bills.

3. That the assistant manager, Ralph Parker, handled all the incoming mail, and the contents of the

night depository which was used for the customers to deposit checks, bills and stubs.

4. That appellant had no key and no access to the night depository.

5. That Ralph Parker disappeared just before the investigation by the State Board of Accounts and has not yet been found.

6. That prior to his employment by the Light and Water Company, appellant had assets of approximately $12,000 from savings of his pay while in service, the sale of whiskey while in service, and the sale by his wife of her beauty shop.

7. That appellant had earnings of a little less than $5,000 from Logan Machine Co. during the last couple of years he worked there prior to his employment at the Logansport Light and Water Company.

8. That appellant had other income from tax work and from the sale of guns from a sideline business operated as a hobby.

9. That appellant's wife had inherited some money from her relatives.

10. That appellant had some opportunity to commit the crime of which he was convicted.

The appellant's motion for a new trial consisted of five specifications. Of these we need discuss only:

1. That the decision of the court is not sustained by sufficient evidence.

2. That the decision of the court is contrary to law.

3. Error of law occurring at the trial in each of the following respective instances.

a. "The defendant further objects to the introduction into evidence of the testimony of Irene Whitehead, concerning the proceedings of the Cass County Grand Jury on November 17, 1958, for the following reasons and each of them:

"1. The testimony is being made from a stenographic copy of a part of the proceedings of and before the Cass County Grand Jury on November 17, 1958, at which time the defendant was interrogated by said Grand Jury, and such testimony is incompetent evidence, privileged, immaterial, irrelevant, and violates the defendant's constitutuional [constitutional] rights in that it is offered as original evidence in the State's case in chief at a time when the defendant has not testified as a witness in this cause, nor is the same introduced for the purpose of impeachment of said witness, nor to attack his credibility, nor is the defendant charged herein with the crime of perjury.

"5. That said testimony is inadmissable [inadmissible] for the reason that the State of Indiana has not proven the corpus delecti [delicti] or either of the specific crimes charged in the affidavit filed in this cause.

"6. That said testimony contains and relates to not only statements of the defendant but statements of other persons which are not before this court.

"7. That defendant's constitutional rights to a fair and impartial trial in this cause are denied him by testimony concerning said Grand Jury proceedings.

"Objection over-ruled."

In the event the conviction of appellant were sustained, it would have to be on circumstantial evidence alone. As this court has previously held in *Christen* v. *State* (1952), 228 Ind. 30, 37, 39, 89 N. E. 2d 445, as follows:

". . . where the evidence is circumstantial, as it was in this case, it must be of so conclusive

a character and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence. However, this rule is for the guidance of trial courts and juries and should be observed by them. It is not for this court. This court has upon it a duty to consider, not to weigh, the evidence in this case for the purpose of determining whether there is any substantial evidence of probative value from which a jury reasonably could have inferred that the appellant was guilty of the offense charged. . . . it would not be its duty or right to reverse simply because we might believe the circumstances do not exclude every hypothesis of innocence. . . .But there must be some substantial evidence of probative value from which a reasonable inference of guilt may be drawn. The verdict may not be based upon mere suspicion, possibility, guess or conjecture."

With the above law in mind this court must look to see where the substantial evidence of probative value is from which it could *reasonably* infer that appellant manipulated any of the books or records of the light and water office and subsequently converted any money belonging to the City of Logansport, coming to the appellant in trust, to his use. Any inference that the appellant did, must by necessity, be based upon mere suspicion, possibility, guess or conjecture. This court in the *Christen* case, *supra*, at page 40 held,

". . . Opportunity is not enough. It is possible that appellant committed the offense charged, but so might many others, and to say that appellant did must be based upon the acceptance of a mere possibility and upon guess and conjecture, in which neither the jury nor we may indulge in rendering or affirming a judgment which sends a man to the penitentiary for the balance of his natural life . . ." See also: *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 771; *Butler* v. *State*

(1945), 223 Ind. 260, 60 N. E. 2d 137; *Deery* v. *Hall* (1931), 96 Ind. App. 683, 175 N. E. 141.

Among the objections interposed to the introduction of the appellant's testimony before the Grand Jury was that the *corpus delicti* of neither count one nor count two of the affidavit had been established. Assuming that the appellant's statement constitutes either an admission or a confession, then the *corpus delicti* of either of the specific crimes charged must be first established by clear proof. *Parker* v. *State* (1950) 228 Ind. 1, 88 N. E. 2d 556; 89 N. E. 2d 442; *Hogan* v. *State* (1956), 235 Ind. 271, 132 N. E. 2d 908. The term *corpus delicti* means that *the specific crime charged has actually been committed by some one. Joseph, Pierce* v. *State* (1957), 236 Ind. 529, 141 N. E. 2d 109; 78 Sup. Ct. 64, 355 U. S. 812; *Hunt* v. *State* (1956), 235 Ind. 276, 133 N. E. 2d 48.

Although the facts vary widely, it seems that this case is analogous to *Simmons* v. *State* (1955), 234 Ind. 489, 129 N. E. 2d 121, in which this court held that the *corpus delicti* in an arson case is not established by the burning of the building. Additional independent evidence is necessary to show that it was intentionally burned in violation of law. So in this case it would be necessary to show not only a shortage, but that the shortage occurred in violation of law by either larceny or embezzlement, the specific crimes charged. In *Griffiths* v. *State* (1904), 163 Ind. 555, 558, 72 N. E. 563, this court said when dealing with the precise topic of larceny:

"... We are mindful of the rule that the extra judicial confession of a defendant is not alone sufficient to make out the *corpus delicti,* and that as applied to a prosecution for larceny

it is required that there must be proof of the commission of the particular larceny charged. . . ."

In the instant case the testimony of the defendant before the Cass County Grand Jury was introduced in evidence as a part of the State's case in chief, at a time when the defendant had not testified. The introduction of such evidence under such circumstances in the face of the defendant's objections, I believe to be error.

While in the case at bar the appellant signed a waiver of his constitutional right to refuse to testify before the Grand Jury, I am of the opinion that the signing of such waiver was not a consent to the introduction of his testimony before such body in the trial of the case by the State in its case in chief. There is some authority for admission of such evidence in this State, but it seems to me that the introduction of such evidence in a case where the defendant does not take the stand in his own defense circumvents his rights against self incrimination and is legally immoral, as well as being a deprivation of his civil rights.

It would further appear that the appellant in testifying before the Grand Jury was denied the right of cross-examination, that is, he was not given an opportunity to explain his answers, was treated as a hostile witness before the Grand Jury and had no chance to be cross-examined by his own counsel, therefore, his testimony constitutes hearsay evidence and is inadmissible.

Finally, we are confronted with the elementary rule of law, that a party producing a witness in court vouches for the truthfulness of the testimony of that witness, and is bound by the testimony of the wit-

ness. Here, the State, by the introduction of the appellant's ·testimony before the Grand Jury, in its case in chief, made the appellant the State's witness. That being the case, it can not impeach his testimony by the testimony of other witnesses. For that reason the testimony of the appellant before the Grand Jury, produced voluntarily by the State, over the objection of the appellant, having explained the extent and sources of his income must be taken as true, and that fact together with the presumption of innocence which clothed appellant at the trial level precluded his conviction there. *Quinn* v. *The State* (1860), 14 Ind. 589.

The judgment of the trial court, not being sustained by sufficient evidence and being contrary to law, should be reversed and appellant's motion for a new trial sustained.

NOTE.—Réported in 176 N. E. 2d 120.